TODD A. FREALY (State Bar No. 198780)
ANTHONY A. FRIEDMAN (State Bar No. 201955)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails: taf@lnbyb.com; aaf@lnbyb.com

Attorneys for Plaintiff, Karl Anderson, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**MOISEY FRIDMAN and**<br><br>**ROSA FRIDMAN,**<br><br>Debtors. | **Case No. 8:12-bk-11721-ES**<br><br>**Chapter 7**<br><br>**Adv. No. 8:14-ap-_____-ES**<br><br>**COMPLAINT FOR:** |
| **KARL ANDERSON, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**ALEX FRIDMAN and VAL FRIDMAN,**<br><br>Defendants. | (1) AVOIDANCE OF FRAUDULENT TRANSFERS;<br>(2) AVOIDANCE OF UNAUTHORIZED POST PETITION TRANSFERS; AND<br>(3) RECOVERY OF AVOIDED TRANSFERS<br><br>[11 U.S.C. §§ 548, 549 and 550]<br><br>**Status Conference:**<br>**Date:** To Be Set<br>**Time:** To Be Set<br>**Place:** Courtroom 5A<br>U.S. Bankruptcy Court<br>411 West Fourth Street<br>Santa Ana, California 92701 |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Karl Anderson, Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Moisey Fridman and Rosa Fridman, avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 548, 549 and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

### PARTIES

4. Plaintiff is informed and believes, and based thereon alleges that Alex Fridman ("Alex") is an individual residing in San Francisco, California and is subject to the jurisdiction of this Court.

5. Plaintiff is informed and believes, and based thereon alleges that Val Fridman ("Val" together with Alex, "Defendants") is an individual residing in Fountain Valley, California and is subject to the jurisdiction of this Court.

### GENERAL ALLEGATIONS

6. On February 12, 2012 (the "Petition Date"), Moisey Fridman and Rosa Fridman (collectively, the "Debtors") filed a voluntary petition under Chapter 13 of 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code").

7. Subsequently, on or about May 24, 2012, the Court entered an order converting the Debtors' case to on under Chapter 7 of the Bankruptcy Code. Thereafter, the Plaintiff was appointed as the Chapter 7 Trustee of the Debtors' bankruptcy estate, a capacity in which he continues to serve.

8. On February 10, 2012, the Debtors commenced a Chapter 13 bankruptcy case by filing a voluntary petition for relief under the Bankruptcy Code (the "Petition Date").

9. On May 24, 2012, the Debtors filed a Notice of Conversion of Bankruptcy Case From Chapter 13 to Chapter 7.

10. Thereafter, the Plaintiff became the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estate (the "Estate"). A Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment As Trustee was filed with the Court on July 11, 2012.

11. Plaintiff is informed and believes, and based thereon alleges that the Defendants are the Debtors' sons. Thus, Plaintiff is informed and believes and based thereon alleges that the Defendants are brothers.

12. Plaintiff is informed and believes, and based thereon alleges that, on the Petition Date, the Debtors owned the real property located at 1100 Rutland Road, #7, Newport Beach, CA 92660 (the "Newport Property").

13. Plaintiff is informed and believes, and based thereon alleges that in September 2011, the only lien which encumbered the Newport Property was a home equity line of credit in favor of Union Bank, N.A. with account number ending 2182.

14. Plaintiff is further informed and believes and based thereon alleges that on September 2, 2011, the unpaid balance owed by the Debtors pursuant to the equity line was $14,959.69.

15. Plaintiff is informed and believes, and based thereon alleges that, on September 15, 2011, Debtor Moisey Fridman wrote Check No. 102 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $5,000.00. Plaintiff is informed

and believes, and based thereon alleges that, the Debtors also made a payment to Union Bank in the amount of $200 and interest was charged in the amount of $39.12. Plaintiff is informed and believes, and based thereon alleges that, the Debtors' balance owed to Union Bank for this home equity line of credit on October 1, 2011 was $19,798.81.

16.    Plaintiff is informed and believes, and based thereon alleges that, on November 2, 2011, the balance owed on the Debtors' home equity line of credit with Union Bank was $19,593.81.

17.    Plaintiff is informed and believes, and based thereon alleges that, on November 7, 2011, debtor Moisey Fridman wrote Check No. 103 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,800.00. Plaintiff is informed and believes that the Debtors cashed this check.

18.    Plaintiff is informed and believes, and based thereon alleges that, on November 8, 2011, debtor Moisey Fridman wrote Check No. 104 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $14,515.00. Plaintiff is informed and believes that the Debtors cashed this check.

19.    Plaintiff is informed and believes, and based thereon alleges that, on November 9, 2011, debtor Rosa Fridman wrote Check No. 105 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $10,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

20.    Plaintiff is informed and believes, and based thereon alleges that, on November 10, 2011, debtor Moisey Fridman wrote Check No. 106 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $8,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

21.    Plaintiff is informed and believes, and based thereon alleges that, on November 10, 2011, debtor Rosa Fridman wrote Check No. 107 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $6,000. Plaintiff is informed and

believes that the Debtors cashed this check.

22. Plaintiff is informed and believes, and based thereon alleges that, the checks written by the Debtors to themselves against their equity line account number ending 2182 from November 7, 2011 through November 10, 2011 totaled $48,315. Plaintiff is informed and believes, and based thereon alleges that, the balance owing on the Debtors' equity line on December 1, 2011 was $68,966.71.

23. Plaintiff is informed and believes, and based thereon alleges that, the balance owing on the Debtors' equity line account number ending 2182 on January 1, 2012 was $69,675.96.

24. Plaintiff is informed and believes, and based thereon alleges that, on January 24, 2012, debtor Moisey Fridman wrote Check No. 109 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

25. Plaintiff is informed and believes, and based thereon alleges that, on January 24, 2012, debtor Moisey Fridman wrote Check No. 116 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $10,000.00. Plaintiff is informed and believes, and based thereon alleges that, the check indicates it was for Morris & Stone LLP, the firm handling the Debtors' appeal from the judgment obtained against them in action filed by Karl Avetoom against the Debtors for abuse of process, civil harassment, intentional infliction of emotional distress and civil conspiracy (the "<u>Avetoom Action</u>"). Plaintiff is informed and believes and based thereon alleges that the Debtors obtained a cashier's check with the funds and delivered the cashier's check to Aaron Morris.

26. Plaintiff is informed and believes, and based thereon alleges that, on January 24, 2012, debtor Moisey Fridman wrote Check No. 117 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $15,000.00. Plaintiff is informed and believes, and based thereon alleges that, the check indicates that it was for an IRA

60-day rollover return. Plaintiff is informed and believes, and based thereon alleges that, the Debtors obtained a cashier's check with these funds and deposited the cashier's check into their IRA account with Fidelity Investments.

27.   Plaintiff is informed and believes, and based thereon alleges that, on January 24, 2012, debtor Moisey Fridman wrote Check No. 118 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,950.00. Plaintiff is informed and believes that the Debtors cashed this check.

28.   Plaintiff is informed and believes, and based thereon alleges that, on January 24, 2012, debtor Moisey Fridman wrote Check No. 120 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $1,750.00.

29.   Plaintiff is informed and believes, and based thereon alleges that, the checks written by the Debtors to themselves against their equity line account number ending 2182 on January 24, 2012 totaled $39,700.00. Plaintiff is informed and believes, and based thereon alleges that, the balance owing on their equity line on February 1, 2012 was $114,023.61.

30.   Plaintiff is informed and believes, and based thereon alleges that, on February 3, 2012, debtor Moisey Fridman wrote Check No. 122 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,500.00. Plaintiff is informed and believes that the Debtors cashed this check.

31.   Plaintiff is informed and believes, and based thereon alleges that, on March 1, 2012, the balance owing on the Debtors' Union Bank equity lien account number ending 2182 was $120,818.15.

32.   The Plaintiff is informed and believes, and based thereon alleges that no less than $50,000.00 of the funds withdrawn from the Debtors' Union Bank equity line account number ending 2182 is unaccounted for and the Debtors' have failed to disclose the use, transfer or dissipation of the aforementioned funds.

33.   Plaintiff is informed and believes, and based thereon alleges that, the Debtors

transferred the sum of at least $50,000.00 in cash belonging to the Debtors to Val (the "Transfer").

34. Plaintiff is informed and believes, and based thereon alleges that after the Petition Date, on or about May 21, 2013, Val transferred the monies that he received from the Transfer to the subsequent transferee, Alex.

35. Plaintiff is informed and believes, and based thereon alleges that Alex used the funds that he received from Val to purchase a one-third interest in the real property located at 16542 Blackbeard Lane, Huntington Beach, California 92649 (the "Property").

36. Plaintiff is informed and believes, and based thereon alleges that the remainder of the purchase price for the Property was paid by the Debtors with monies received on account of their homestead exemption claimed by the Debtors in their bankruptcy case and received by the Debtors during the administration of their bankruptcy case resulting from the prior sale of real property owned by the Debtors on the Petition Date.

37. Plaintiff is informed and believes, and based thereon alleges that title to the Property is held in equal 1/3 parts by Alex and each of the Debtors pursuant to the purchase of the Property by Alex and the Debtors in May of 2013.

38. Plaintiff is informed and believes, and based thereon alleges that Alex does not reside at the Property.

39. Plaintiff is informed and believes, and based thereon alleges that the Debtors reside at the Property.

40. Plaintiff is informed and believes, and based thereon alleges that there may be other relevant transfers from the Debtors to the Defendants or one of the Defendants, and will amend this Complaint to include such additional transfers at such time as they are ascertained.

///

///

///

## FIRST CLAIM FOR RELIEF

### (Against Val)

### (To Avoid Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(A) and 550(a))

41.     Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of this Complaint as if set forth in full herein.

42.     Plaintiff is informed and believes, and based thereon alleges that the Transfer was made within two years prior to the Petition Date.

43.     Plaintiff is informed and believes, and based thereon alleges that Val is an insider of the Debtors because he is the Debtors' son.

44.     Plaintiff is informed and believes, and based thereon alleges that the Transfer was made by Debtors to Val with the actual intent to hinder, delay or defraud Debtors' creditors because the Debtors transferred the Transfer in an effort to hide the funds transferred from their creditors so that the Debtors could use the funds to purchase the Property.

45.     The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by the Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Against Val)

### (To Avoid Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B) and 550(a))

46.     Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of this Complaint as if set forth in full herein.

47.     Plaintiff is informed and believes, and based thereon alleges that the Transfer was made within two years prior to the Petition Date.

48.     Plaintiff is informed and believes, and based thereon alleges that Val is an insider of the Debtors because he is the Debtors' son.

49.     Plaintiff is informed and believes, and based thereon alleges that the Debtors received less than reasonably equivalent value in exchange for the Transfer.

50. Plaintiff is informed and believes, and based thereon alleges that the Debtors were insolvent on the date that the Transfer was made, or became insolvent as a result of the Transfer.

51. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtors were engaged in or were about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

52. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

53. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtors made the Transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

54. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by the Plaintiff.

### **THIRD CLAIM FOR RELIEF**

**(Against Val)**

**(To Avoid Post Petition Transfers - 11 U.S.C. § 549 and 550)**

55. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of this Complaint as if set forth in full herein.

56. The Plaintiff is informed and believes, and based thereon alleges that Transfer was made after the Petition Date.

57. The Plaintiff is informed and believes, and based thereon alleges that, the Debtors made the Transfer to, or for the benefit of, Val.

58. The Plaintiff is informed and believes, and based thereon alleges that the Transfer was made without the Trustee's knowledge and/or consent and was therefore unauthorized.

/ / /

59. The Plaintiff is informed and believes, and based thereon alleges that Transfer was a transfer of a property interest of Debtors.

60. The Plaintiff is informed and believes, and based thereon alleges that informed and believes, and based thereon alleges that the Transfer was not authorized under the Bankruptcy Code or by the Bankruptcy Court.

61. Accordingly, under 11 U.S.C. §§ 549 and 550, the Transfer is avoidable by the Trustee.

### FOURTH CLAIM FOR RELIEF

**(Against Alex)**

**(To Avoid Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(A) and 550(a))**

62. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of this Complaint as if set forth in full herein.

63. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made within two years prior to the Petition Date.

64. Plaintiff is informed and believes, and based thereon alleges that Alex is an insider of the Debtors because he is the Debtors' son.

65. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made by Debtors to Val and then to Alex with the actual intent to hinder, delay or defraud Debtors' creditors because the Debtors transferred the Transfer in an effort to hide the funds transferred from their creditors so that the Debtors could use the funds to purchase the Property.

66. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by the Plaintiff.

### FIFTH CLAIM FOR RELIEF

**(Against Alex)**

**(To Avoid Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B) and 550(a))**

67. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of

this Complaint as if set forth in full herein.

68. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made within two years prior to the Petition Date.

69. Plaintiff is informed and believes, and based thereon alleges that Alex is an insider of the Debtors because he is the Debtors' son.

70. Plaintiff is informed and believes, and based thereon alleges that the Debtors received less than reasonably equivalent value in exchange for the Transfer.

71. Plaintiff is informed and believes, and based thereon alleges that the Debtors were insolvent on the date that the Transfer was made, or became insolvent as a result of the Transfer.

72. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtors were engaged in or were about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

73. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

74. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtors made the Transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

75. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by the Plaintiff.

### SIXTH CLAIM FOR RELIEF

**(Against Alex)**

**(To Avoid Post Petition Transfers - 11 U.S.C. § 549 and 550)**

76. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of this Complaint as if set forth in full herein.

77. The Plaintiff is informed and believes, and based thereon alleges that Transfer was made after the Petition Date.

78. The Plaintiff is informed and believes, and based thereon alleges that, the Debtors made the Transfer to, or for the benefit of, Alex.

79. The Plaintiff is informed and believes, and based thereon alleges that the Transfer was made without the Trustee's knowledge and/or consent and was therefore unauthorized.

80. The Plaintiff is informed and believes, and based thereon alleges that the Transfer was a transfer of a property interest of Debtors.

81. The Plaintiff is informed and believes, and based thereon alleges that informed and believes, and based thereon alleges that the Transfer was not authorized under the Bankruptcy Code or by the Bankruptcy Court.

82. Accordingly, under 11 U.S.C. §§ 549 and 550, the Transfer is avoidable by the Trustee.

## SEVENTH CLAIM FOR RELIEF

### (Against both Defendants)

### (To Recover Avoided Transfers - 11 U.S.C. § 550)

83. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 82 of this Complaint as if set forth in full herein.

84. Plaintiff is informed and believes, and based thereon alleges, Val was the initial transferee of the Transfer because the Transfer was made to Val from the Debtors.

85. Plaintiff is informed and believes, and based thereon alleges, Alex was the immediate or mediate transferee of the Transfer because Val transferred the funds that Val received from the Transfer to Alex.

86. Upon avoidance of the Transfer, Plaintiff is entitled to recover from Defendants the amounts transferred or the value of the amounts transferred, for the benefit of the Debtors' estate pursuant to 11 U.S.C. § 550.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

On the First Claim for Relief:

A.  For a determination by the Court that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550;

B.  For a judgment against Val avoiding the Transfer and recovering the transferred property or the value of such property for the benefit of Debtors' bankruptcy estate; and

C.  For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

D.  For a determination by the Court that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. §§ 548(a)(1)(B) and 550;

E.  For a judgment against Val avoiding the Transfer and recovering the transferred property or the value of such property for the benefit of Debtors' bankruptcy estate; and

F.  For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

G.  For a determination by the Court that the Transfer was a post petition transfer within the meaning of 11 U.S.C. §§ 549 and 550;

H.  For a judgment against Val avoiding the Transfer and recovering the transferred property or the value of such property for the benefit of the Debtor's bankruptcy estate; and

I.  For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

J.  For a determination by the Court that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550;

K.  For a judgment against Alex avoiding the Transfer and recovering the transferred property or the value of such property for the benefit of Debtors' bankruptcy estate; and

L.  For such other and further relief as the Court deems just and proper.

<u>On the Fifth Claim for Relief:</u>

M. For a determination by the Court that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. §§ 548(a)(1)(B) and 550;

N. For a judgment against Alex avoiding the Transfer and recovering the transferred property or the value of such property for the benefit of Debtors' bankruptcy estate; and

O. For such other and further relief as the Court deems just and proper.

<u>On the Sixth Claim for Relief:</u>

P. For a determination by the Court that the Transfer was a post petition transfer within the meaning of 11 U.S.C. §§ 549 and 550;

Q. For a judgment against Alex avoiding the Transfer and recovering the transferred property or the value of such property for the benefit of the Debtor's bankruptcy estate; and

R. For such other and further relief as the Court deems just and proper.

<u>On the Seventh Claim for Relief:</u>

S. For a judgment granting Plaintiff the right to recover the Transfer or the value of the Transfer from Defendants; and

T. For such other and further relief as the Court deems just and proper.

<u>As to All Claims for Relief:</u>

U. The Plaintiff seeks pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and all other amounts allowed by law.

DATED: February 7, 2014　　　　　　　　LEVENE, NEALE, BENDER, YOO
　　　　　　　　　　　　　　　　　　　　& BRILL L.L.P.

By: /s/ Anthony A. Friedman
　　　TODD A. FREALY
　　　ANTHONY A. FRIEDMAN
Attorneys for Plaintiff,
Karl Anderson, Chapter 7 Trustee

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>KARL ANDERSON, Chapter 7 Trustee, | **DEFENDANTS**<br>ALEX FRIDMAN and VAL FRIDMAN, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.<br>10250 Constellation Boulevard, Ste.1700, Los Angeles, CA 90012<br>Telephone No. 310-229-1234 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance of Fraudulent Transfers, Avoidance of Unauthorized Post Petition Transfers, and Recovery of Avoided Transfers.
[11 U.S.C. §§ 548, 549 and 550]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 50,000.00 |

**Other Relief Sought**

Pre- and post-judgment interest, attorneys' fees, and costs

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> MOISEY FRIDMAN and ROSA FRIDMAN, ||| **BANKRUPTCY CASE NO.** <br> 8:12-bk-11721 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT OF CALIFORNIA || **DIVISIONAL OFFICE** <br> SANTA ANA | **NAME OF JUDGE** <br> ERITHE A. SMITH |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** || **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /s/ Anthony A. Friedman ||||
| **DATE** <br> 2/7/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> ANTHONY A. FRIEDMAN |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.