ORIGINAL

1     Karl Avetoom, In Pro Per
2     1100 Rutland Road # 9
     Newport Beach, CA 92660
3     (949) 929-4787
     kia002@att.net
4



FILED

**OCT 19 2015**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

5

6

7  

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10     In re:

11

12

13     MOISEY FRIDMAN and ROSA FRIDMAN,

     Debtors

14

15

16

17     KARL T. ANNDERSON,  Chapter 7 Trustee

18       Plaintiff

19            v.

20

21     ALEX FRIDMAN and VAL FRIDMAN,

     Defendants

22

23

|  |  |
|---|---|
| Main Case No: 8:12-bk-11721-ES | |
| **Adversary Case No: 8:14-ap-01038-ES** | |
| Chapter 7 | |

**Hon. Erithe A. Smith**

**CREDITOR KARL AVETOOM'S RESPONSE
TO DEFENDANTS VAL FRIDMAN and
ALEX FRIDMAN'S OPPOSITION TO
PLAINTIFF'S MOTION TO DISMISS;
MOTION TO STRIKE PORTIONS OF THE
PLAINTIFF'S MOTION THAT ARE IN
VIOLATION OF FED. R. EVID. RULE 408
AND REQUEST FOR HEARING (LR 9013-
1(o))[DOCKET No: 85]; SUPPORTING
DECLARATION OF KARL AVETOOM.**

Date:  November 19, 2015
Time:  10:30 A.M.
Place:  Courtroom "5A"
       411 West Fourth Street
       Santa Ana, CA 92705

24

25

26

27

28

i

RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADVERSARY ACTION

1

## <u>TABLE OF CONTENTS</u>

2  I.    RELEVANT BACKGROUND....................................................................................2

3

4  II.   DEFENDANTS' OBJECTION UNDER RULE 408 IS MISGUIDED AND WAIVED..........5

5

6  III.  THE CHAPTER 7 TRUSTEE REPRESENTS THE CLASS OF UNSECURED

7       CREDITORS, THE FORM OF THE DISMISSAL WILL HAVE PRECLUSIVE EFFECT

8       UPON THE CREDITORS WHO ARE IN PRIVY WITH THE TRUSTEE..........................6

9

10 IV.   THE NINTH CIRCUIT HOLDS A CLAIM OF PREJUDICE BY POTENTIAL FUTURE

11      LITIGATION IS INSUFFICIENT TO DENY AN UNCONDITIONAL DISMISSAL..........7

12

13 V.    THIS CIRCUIT DISFAVORS SETTLEMENTS IMMUNIZING THIRD PARTIES. ..........9

14

15 VI.   THE NINTH CIRCUIT DISFAVORS REQUEST FOR FEES IN DISMISSALS. ................9

16

17 VII.  CONCLUSION. ..................................................................................................11

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADVERSARY ACTION

1

# **TABLE OF AUTHORITIES**

2 **CASES**

3 *Datta v. Staab* (1959) 173 Cal.App.2d 613 ................................................................. 7

4 *George v. County of San Luis Obispo* (2000) 78 Cal.App.4th 1048 ....................... 6

5 *Hyde & Drath v. Baker,* 24 F.3d 1162 (9th Cir.1994) ...................................... 7, 8

6 *In re A & C Properties* 784 F.2d 1377 (9th Cir.), cert. denied, 479 U.S. 854 (1986) ............................ 9

7 *In re Combs* (B.A.P. 9th Cir., Apr. 3, 2008, ADV.05-00570) 2008 WL 8444803 ................. 8

8 *In re Dominelli* (9th Cir. 1987) 820 F.2d 313 ............................................ 6

9 *In re Lowenschuss* (9th Cir. 1995) 67 F.3d 1394 ................................. 7, 8, 9, 10

10 *In re Marlar* (8th Cir. 2001) 267 F.3d 749 ................................................. 6

11 *In re Met-L-Wood Corp.* (7th Cir. 1988) 861 F.2d 1012 ....................................... 6

12 *Levy v. Cohen* (1977) 19 Cal.3d 165 ..................................................... 6, 7

13 *Maculan v. City of Escondido* (S.D. Cal., July 8, 2014, 13CV1794 L WVG) 2014 WL 3341070 ........ 10

14 *Mitchell–Jones v. Menzies Aviation, Inc.,* 2011 WL 3273221 ........................... 10

15 *Petitioning Creditors of Melon Produce Inc. v. Braunstein* (1st Cir. 1997) 112 F.3d 1232 ............ 6

16 *Rice v. Crow* (2000) 81 Cal.App.4th 725 .................................................. 7

17 *Roybal v. University Ford* (1989) 207 Cal.App.3d 1080 ................................... 7

18 *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir.1996) ............... 10

19 *Wouldridge v. Burns* (1968) 265 Cal.App.2d 82 ........................................... 7

20

21 **STATUTES**

22 11 U.S.C. § 727 .................................................................... passim

23 F.Rule.Civ.P 41 ...................................................................... 7, 10

24 Federal Rule of Evidence 408 ........................................................ i, ii, 5, 1

25 F.Rule.Bnkr.P. 7041 .................................................................. 7, 8

26

27

28

ii

---

1    **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,**

2    **AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD.**

3          Creditor Karl Avetoom ("Creditor") respectfully submits his brief in Support of the Chapter 7

4    Trustee's Motion to Dismiss the Adversary Proceeding currently before this Court. First and foremost

5    Creditor would not have taken part in this Motion had it not been for the Defendants' decision to

6    involve him in their diversionary ad hominem Opposition.

7          Defendants do not meet the standard under the Ninth Circuit to cause this Court or the Chapter

8    7 Trustee to conditionally dismiss this adversary proceeding. Under the Ninth Circuit, legal prejudice

9    is required, and our Circuit holds that the possibility of future litigation for identical claims on the

10   same facts is not sufficient prejudice or cause for this Court to order a conditional dismissal.

11         The Chapter 7 Trustee, as the plaintiff, has discretion to dismiss his case if it becomes *overly*

12   *burdensome to the estate.* (1) The Chapter 7 Trustee has received no meaningful discovery and for

13   nearly two years has been delayed and ignored as predicted, and has decided in his discretion to seek

14   dismissal without prejudice, to not foreclose other creditors from utilizing the benefit of this Court's 11

15   U.S.C. § 727 judgment of non-discharge. To allow future claims against one of the largest assets

16   dubiously clouded by the Defendants. (2) An additional basis now exists for the Chapter 7 to exercise

17   his discretion not to engage in additional litigation: For several years the Defendants delayed discovery

18   and failed to take this matter seriously, while concealing a Defendant surreptitiously transferred his

19   interest in real property with equity of $300,000.00 to a non-defendant spouse. Then initiated a State

20   sham family law case to obtain an unopposed default judgment by the clerk to give the appearance of

21   legitimacy to the premeditated transfer to shield assets. This creates additional basis for the Trustee to

22   avoid successive litigation to vacate the transfer under California law to the non-Defendant spouse.

23         The Chapter 7 Trustee represents the entire class of unsecured creditors. California law hold

24   creditors have privy with the Trustee, implicating res judicata and collateral estoppel on future actions.

25         **The Opposition Lacks Merit Under Established Ninth Circuit Binding Authority.**

26         (1)     The Ninth Circuit holds potential future litigation over unresolved claims is not

27   sufficient legal "prejudice" for a Court to deny unconditional voluntary dismissal.

28

<center>1</center>

RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADVERSARY ACTION

1       (2) The Ninth Circuit prohibits settlements that seek to release debts owed by non-debtors, such

2   as Defendant Val Fridman's wife, the recent transferee of Defendant Val Fridman's assets.

3       (3) Defendants' request for fees also fails, as the Ninth Circuit bars any award for legal work

4   that could be used in Defendants' anticipated future litigation; abrogating the American Rule.

5       (4) A Chapter 7 Trustee represents the class of unsecured creditors, his actions can bar claims

6   the Trustee did, or could have brought.  A dismissal with prejudice is a determination on the merits.

7       (5) Defendants' objection under Federal Rule of Evidence 408 is without merit.  Rule 408 bars

8   introduction of a settlement to impute liability.  In this case, the Trustee cites the withdrawn Settlement

9   not for liability, but to address undue delay, permitted expressly by § 408(b).  The objection also

10  appears to be moot as Defendants equally discussed the Settlement terms in their Opposition.

11

12  **I.**    **RELEVANT BACKGROUND.**

13      On November 18, 2011 the State Court, the Honorable Karen L. Robinson entered Judgment

14  against the Debtors in the amount of $1,000,000.00 following a unanimous jury finding, by clear and

15  convincing evidence that Debtors engaged in outrageous racist conduct and despicable acts against

16  Creditor Karl Avetoom.  Upon agreement by Creditor, the punitive damage award was reduced upon

17  stipulated remittitur, leaving the state court Judgment at $650,000.00 circa January 4, 2012.

18      On or around February 10, 2012 Debtors filed their petition for bankruptcy under Chapter 13.

19  This Court would ultimately agree with Chapter 13 Trustee that the Debtors' unsecured debt exceeded

20  the Section 109 limits.  The Debtors voluntarily converted to Chapter 7 on or around May 24, 2012.

21      From March 2012 through July 2013 the Debtors failed to complete their 341 examination, and

22  provided limited, redacted or incomplete financial records to the Chapter 7 Trustee.

23      On or around July 8, 2013 the Chapter 7 Trustee concluded the "341" examination, wherein the

24  Debtors failed to account for their dissipation of $120,000.00 in funds on the eve of filing bankruptcy.

25      On July 30, 2013 the Chapter 7 Trustee filed an adversary action against the Debtors, seeking

26  non-discharge under several provisions of §727.  On or around January 29, 2015, the Debtors

27  stipulated to all counts contained within the §727 complaint.  The Court entered judgment denying

28  Debtors their respective discharges on February 18, 2015 [Adv. Case No. 8:13-ap-01253-ES]

<div align="center">2</div>

1    On or around February 2, 2014 the Chapter 7 Trustee, upon information obtained through the

2    Debtors' examinations, filed this adversary proceeding against the Debtors' sons, Val Fridman and

3    Alex Fridman ("Defendants"), and another adversary proceeding against Victoria Gureyeva.

4    On or around April 28, 2014 Defendant Val Fridman transferred all of his interest in his

5    residence to Deborah Fridman, which admittedly has $300,000.00 in equity **[Exhibit "1"** to Avetoom

6    Declaration].

7    On December 2, 2014 Defendant Val Fridman and his wife, non-defendant, Deborah Fridman,

8    commenced an action in the family division of the Orange County Superior Court ("Family Case",

9    Case No: 14FL010523). The same day, they transferred Defendant Val Fridman interests in assets

10    with equity to Deborah Fridman, under a purported "property declaration". Deborah Fridman then

11    obtained a default judgment from the Clerk of the Family Court on or around April 3, 2015 **[Exhibit**

12    **"2"** to Avetoom declaration].

13    In 2014 Creditor filed one motion to disqualify attorney Katzman, which was denied. In

14    Creditor's Motion, he informed the Court of Defendants signaled intent to frustrate the estate by

15    spending up to $60,000 to deny recovery [Doc. No 10, pp. 13-14].

16    On or around February 26, 2015 Defendants' former counsel filed his own motion to withdraw

17    as counsel citing "irreconcilable differences" which caused it unreasonably difficult to remain on as

18    Defendants' attorneys [Docket No. 64]. The Court granted the Motion on March 19, 2015, and granted

19    extensions for discovery responses and pleadings for the Defendants.

20    In or around January 2015 through March 2015 Defendant Val Fridman attended several

21    incomplete Judgment Debtor Exams ordered by the State Court against Moisey Fridman for post

22    petition judgments. Defendant Val Fridman voiced his disagreement with his then counsel (Katzman)

23    who kept requesting additional monies to continue representation. Defendant Val Fridman also

24    expressed his disdain for the Chapter 7 Trustee's counsel, Anthony Friedman, openly irritated that their

25    Jewish heritage had not garnered more leverage as he expected. Defendant Val Fridman claimed he

26    was "judgment proof" and that if the Chapter 7 Trustee wanted to pursue "$60,000.00" in the Debtors'

27    residence, Defendant Val Fridman would rather spend $60,000.00" to defeat any benefit. Defendant

28    Val Fridman offered Creditor Karl Avetoom monies admittedly "set aside" and assignment of the

3

1   rights to sue debtors' former trial attorney, D. Michael Bush, for malpractice, in exchange for

2   Creditor's efforts to compel the Chapter 7 Trustee to drop this adversary proceeding.  Creditor declined

3   and notified Trustee's Counsel, Todd Frealy, of Defendant Val Fridman's request [Avetoom Decl. ¶ 9].

4        In or around June 2015 counsel for the Chapter 7 Trustee and the Defendants reported they

5   were in discussions over a potential settlement.  Creditor informed the Chapter 7 Trustee that any

6   proposed settlement under Rule 9019 should benefit the estate, not solely pay for the Trustee's legal

7   fees, and should not collaterally bar any future claims that could be brought against the Debtors or

8   third parties, thereby vitiating the benefit of the § 727 Judgment and recovery of $100,000 in

9   unaccounted funds [Avetoom Decl. ¶ 6].

10       From the Motion to Dismiss, and the Opposition it appears that the withdrawn Settlement

11  included terms to (1) settle all claims including any against Deborah Fridman, the transferee of

12  Defendant Val Fridman's assets during this adversary proceeding [Motion p. 4, Lines 21-26], and (2)

13  Defendants were seeking a waiver of all claims and debts, known and unknown, against all parties

14  [Opposition p. 3, Lines 19-21].

15       Unable to overcome the Ninth Circuit's standard for voluntary dismissals, the Opposition relies

16  upon numerous unsubstantiated claims, such as the Creditor is controlling the Chapter 7 Trustee's

17  counsel, or that the Trustee will assign his litigation rights to Creditor, or that Creditor is actively

18  pursuing litigation against Defendants, or Creditor intends on taking all of the Defendants' money or

19  an alleged breach of a protective order by Trustee's counsel, etc, etc.  All are untrue. [Avetoom Decl.

20  ¶¶ 5, 7, 12, 13].  Defendant continues to fabricate allegations out of desperation, despite the State

21  Court's rejection of similar claims by Debtors and the Defendants that were ruled "not to be credible."

22       Said allegations are simply diversions thrown up to avoid attention from the simple facts of this

23  case: That the Debtors' admitted to fraudulent conduct that included the undisclosed transfer of funds

24  in excess of $120,000.00 on the eve of their petition.  It is axiomatic, that had Debtors accounted for

25  the whereabouts of these funds as unrelated to the Defendants, Trustee's counsel would not have

26  pursued the dubious $50,000.00 in unaccounted funds wired from by Val Fridman residing in Fountain

27  Valley, to Alex Fridman in San Francisco, who then wired the money back to Orange County for the

28  parents to purchase a condominium in Huntington Beach, CA.  In reality, Defendants fear the

4

1  possibility of having to defend their acts in state court, before a state jury, who were less than

2  accepting of Debtors and Defendants conduct.  Defendants want to force the Trustee to chase them to

3  fulfill their intentions to harm the estate, rather than face litigation in the state courts.

4      Creditors are naturally sensitive to proposed Settlements, given the benefit of the § 727

5  Judgment acknowledged by this Court, and the unexplained missing funds, stipulated before this very

6  Court. Not to mention the changing stories behind the purported assignment of the Debtors' judgment.

7      In January 2013 this Court granted the Debtors' former attorneys, Darling & Risbrough ("law

8  firm") relief from stay to pursue a Writ of Mandate in state court based upon a claim that the Debtors

9  assigned the judgment to the law firm during the *Avetoom v. Fridman* litigation.  The law firm

10  immediately changed positions from assignment, to lien, which this Court would later rule and enter an

11  Order holding any lien claim would violate the Relief from Stay Order, and create an interest in the

12  estate.  The law firm continued to pursue a lien claim to the end of the Writ proceeding, and even

13  obtained a Writ of Execution in the Debtors' names, seemingly the asset returned to the Debtors

14  [Avetoom Decl. ¶ ¶ 16, 17].

15      On September 29, 2015 the State Court denied the Writ, holding "if" the Debtors had assigned

16  the underlying judgment the Writ would not benefit them, mandating denial.  Then noted the law

17  firm's shifting positions, from assignment to lien before the two courts and the implications with this

18  Court and the Stay. The Court then questioned if the law firm even had an enforceable lien under

19  California law [**Exhibit "3"** to Avetoom declaration, Order Denying Writ].  This creates additional

20  problems caused by intentional delays, changing stories, resulting in a State Court that refused to find a

21  valid assignment, or an enforceable attorney lien.  The Order ultimately instructed the parties to

22  possibly return to this bankruptcy court.  The delays and changing stories have come back home.

23  **II.    DEFENDANTS' OBJECTION UNDER RULE 408 IS MISGUIDED AND WAIVED.**

24      Defendants' Objection to the Chapter 7 Trustee's reference to a withdrawn settlement is

25  without merit.  Federal Rule of Evidence 408 bars use of a settlement to impute <u>liability</u>, but under

26  subsection (b) it expressly does not prohibit the Trustee's reference to address a contention of "undue

27  delay."  This objection is also waived as Defendants have also referenced the settlement and terms in

28  their Objection/Opposition.  Accordingly, the Court should overrule Defendants' Objection.

5

**III.** **THE CHAPTER 7 TRUSTEE REPRESENTS THE CLASS OF UNSECURED CREDITORS, THE FORM OF THE DISMISSAL WILL HAVE PRECLUSIVE EFFECT UPON THE CREDITORS WHO ARE IN PRIVY WITH THE TRUSTEE.**

Here, a conditional dismissal (with prejudice) would bar all other unsecured creditors from pursuing an avoidance claim under California's Fraudulent Transfer Act ("CUFTA") as the Chapter 7 Trustee and the creditors are in privy, thus collaterally estopping future claims that were, or could have been brought by the Chapter 7 Trustee. This Court has made it known that the § 727 Judgment of Non-Discharge is the true benefit for the remaining creditors. And given the $50,000.00 known to be at issue here, it is in the best interest of the creditors to be able to pursue said monies, and not be barred by a conditional dismissal disfavored by the Ninth Circuit.

Proceedings in bankruptcy are proceedings *in rem* and all persons concerned, including creditors, are deemed to be parties to the proceedings. (*Levy v. Cohen* (1977) 19 Cal.3d 165, 172). A bankruptcy court judgment has the same effect on the parties and privies in the California courts as in the federal courts. (*Id.* at p. 173). The California courts are required to give full faith and credit to final bankruptcy court orders. *See Levy* at p. 172 (full faith and credit must be given to bankruptcy order, which was held to bar action by creditors as res judicata); *George v. County of San Luis Obispo* (2000) 78 Cal.App.4th 1048, 1052 ("Full faith and credit must be given to final bankruptcy court orders").)

The doctrine of res judicata "prevents the readjudication of all matters ... which were, or might have been, litigated in a prior proceeding between the same parties." *(Ibid. See also In re Marlar* (8th Cir. 2001) 267 F.3d 749, 754 (bankruptcy trustee "represents all unsecured creditors of the bankruptcy estate" and a judgment or order to which trustee is a party is binding on the creditors as res judicata); *Petitioning Creditors of Melon Produce Inc. v. Braunstein* (1st Cir. 1997) 112 F.3d 1232, 1240 ("A trustee in bankruptcy is a fiduciary representing the estate and creditors," such that unsecured creditors' equitable subordination claims were barred by the res judicata effect of the trustee's actions); *In re Met-L-Wood Corp.* (7th Cir. 1988) 861 F.2d 1012, 1017 ("The trustee in bankruptcy in the creditors' representative, and therefore a judgment for or against the trustee is res judicata on a suit on the same claim by a creditor, provided no conflict of interest made the trustee's representation inadequate"); *In re Dominelli* (9th Cir. 1987) 820 F.2d 313, 316-17 (bankruptcy trustee's settlement and dismissal of its

6

1  action against senior lienholder "operates as res judicata to bar" junior lienholder from bringing his

2  own action.

3          Under California law, the doctrine of res judicata precludes parties or their privies, such as the

4  creditors represented by the Chapter 7 Trustee, from litigating an issue that has been finally determined

5  by a court of competent jurisdiction. (*Levy v. Cohen* (1977) 19 Cal.3d 165, 171).  "A dismissal with

6  prejudice is the modem name for a common law retraxit." (*Rice v. Crow* (2000) 81 Cal.App.4th 725,

7  733.) "A retraxit is a judgment on the merits preventing a subsequent action on the dismissed claim."

8  (*Ibid.*) "Since a retraxit 'invok[es] the principles of res judicata,' it of course follows that a retraxit ...

9  bars claims dismissed with prejudice between the same parties **or their privies.**" (*Id.* at p. 735 [quoting

10  *Datta v. Staab* (1959) 173 Cal.App.2d 613, 621]. See also *Roybal v. University Ford(1989)* 207

11  Cal.App.3d 1080, 1085-86 ["Roybal's voluntary dismissal with prejudice constituted a determination

12  on the merits and was res judicata"]; *Wouldridge v. Burns* (1968) 265 Cal.App.2d 82, 84 [explaining in

13  a case involving a plaintiff's voluntary dismissal with prejudice that "[i]t is settled law that the

14  dismissal of an action, *with prejudice,* is a bar to any future action on the same subject matter"].)

15          Very simply, if this adversary proceeding is dismissed *with prejudice*, then as the creditors are

16  in privy with the Chapter 7 Trustee, any claims that were or could have been filed by the Chapter 7

17  Trustee would be collaterally estopped or subject to res judicata in subsequent actions.

18

19  **IV.    THE NINTH CIRCUIT HOLDS A CLAIM OF PREJUDICE BY POTENTIAL**

20  **FUTURE LITIGATION IS INSUFFICIENT TO DENY AN UNCONDITIONAL**

21  **DISMISSAL.**

22          The Ninth Circuit case of *In re Lowenschuss* (9th Cir. 1995) 67 F.3d 1394, 1399-1400,

23  applying F.Rule.Civ.P 41 (codified in the bankruptcy code as Rule 7041) held:

24

25          "[i]n deciding whether to grant a voluntary dismissal, a trial court must consider
           whether the defendant will suffer legal prejudice as a result of the court's dismissal. *See*

26          *Hyde & Drath v. Baker,* 24 F.3d 1162, 1169 (9th Cir.1994); *see also LeCompte,* 528
           F.2d at 604 ("**[We] follow the traditional principle that dismissal should be allowed**

27          **unless the defendant will suffer some plain prejudice *other than the mere prospect***
           ***of a second lawsuit.***") . . ."

28

1    The Lowenschuss Court then held: "At most, Lowenschuss has been inconvenienced by

2    expending time and resources in preparing for the trial and we have held that "[t]he inconvenience of

3    defending another lawsuit or the fact that the defendant has already begun trial preparations does not

4    constitute prejudice." *Hyde & Drath*, 24 F.3d at 1169. We also note that the inconvenience

5    Lowenschuss has suffered is lessened by the fact that Lowenschuss's trial preparation will likely be

6    relevant to defending the New Jersey action." *In re Lowenschuss* at 1400-1401. [emphasis added]; see

7    also *In re Combs* (B.A.P. 9th Cir., Apr. 3, 2008, ADV.05-00570) 2008 WL 8444803, at *5 where the

8    BAP adopted the ruling in *Lowenschuss* and Rule 41 (FRBP 7041). Such is the case here.

9        Defendants' Opposition, aside from the discredited diversionary claims that they are victims,

10    alleges prejudice by a voluntary dismissal as Defendants purportedly spent $30,000.00 over the past

11    two years in preparation, while causing the estate to spend equal or greater fees. However, this claim

12    is insufficient under binding Ninth Circuit's law that holds a defendant's claim of trial preparation and

13    the prospect of a future identical lawsuit "do not constitute prejudice" warranting this Court deny the

14    Chapter 7 Trustee's motion or place conditions that the action is dismissed with prejudice under

15    *Lowenschuss*, supra. The Defendants' threat to spend up to $60,000.00 to prevent the Trustee from

16    recovering $60,000.00 for the estate is reason alone to cause the Trustee to re-evaluate, given the

17    delays and defective discovery offered by Defendants for two years.

18        Additionally upon discovery that immediately after the Trustee commenced this adversary

19    proceeding, Defendant Val Fridman and wife, non-defendant Deborah Fridman, transferred all interest

20    in their community residence to non-defendant spouse Deborah Fridman, and then commenced a sham

21    family law case in the State Court. Upon filing the Family Case, Defendant Val Fridman again

22    transferred assets containing equity to non-defendant spouse Deborah Fridman. The only parties to

23    collect from are Defendant Val Fridman, or Deborah Fridman, through an additional action to set aside

24    the premeditated transfers designed to move $300,000.00 of equity away from the Trustee, to a non-

25    defendant spouse. [Avetoom Decl. ¶¶ 2, 3, 11]. This creates additional discretion and reasoning not to

26    expend more time by the Chapter 7 Trustee. That Defendants' Opposition anticipates future identical

27    claims in state court is unpersuasive and further supports the Ninth Circuit's position that favors

28    unconditional voluntary dismissal of an action by the Chapter 7 Trustee under *Lowenschuss*.

8

1       The Trustee's decision not to chase the Defendants in additional actions and forums lies within

2 his discretion. Should other Creditors seek to pursue these claims, they should not be foreclosed if

3 they wish to pursue these claims at their own cost. This is consistent with Ninth Circuit law.

4       The Defendants' urgency for a Settlement to include any and all known or unknown claims and

5 debts, and to include non-defendant Deborah Fridman, is again disfavored by the Ninth Circuit.

6 **V.    THIS CIRCUIT DISFAVORS SETTLEMENTS IMMUNIZING THIRD PARTIES.**

7       Defendants urge this Court to ignore the Ninth Circuit and grant dismissal with prejudice.

8 Defendants fail to meet the high standard of the Ninth Circuit in their request. Defendants' attempt to

9 blame the Trustee is unpersuasive given their own history of delays and evasive conduct.

10       Rather than take settlement seriously, Defendants stalled for months, used the State Court to

11 divert assets, causing the Chapter 7 Trustee to now consider undertaking an additional state court

12 action to set aside a default judgment and the transfer of assets in an attempt to force the Chapter 7

13 Trustee to include a third party, non-defendant transferee in a settlement. A proposed settlement that

14 would bar pursuit of all claims and debts for non-debtors post bankruptcy, clearly fails the *In re A & C*

15 *Properties*[1] factors for what is best for the creditors, and is also clearly disfavored by our own Ninth

16 Circuit. See *In re Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir.1995) [*cert. denied*, 517 U.S. 1243, 116

17 S.Ct. 2497, 135 L.Ed.2d 189 (1996)]("this court has repeatedly held, without exception, that § 524(e)[2]

18 precludes bankruptcy courts from discharging the liabilities of non-debtors.").

19       A proposed Settlement to immunize third parties clearly fails the Ninth Circuit's standard.

20 **VI.    THE NINTH CIRCUIT DISFAVORS REQUEST FOR FEES IN DISMISSALS.**

21       The Defendants' request for compensation in anticipation of future identical litigation is barred

22 both under the American Rule, and Ninth Circuit law. Presumably had attorney fees been awardable

23 under § 548, the Trustee would have more incentive to pursue Defendants, given the $300,000.00 in

24 equity in Defendant Val Fridman's transferred residence which can be set aside under California law.

25

26 _____

27 [1] *In re A & C Properties* 784 F.2d 1377 (9th Cir.), cert. denied, 479 U.S. 854 (1986)

28 [2] discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt. [11 U.S.C. § 524(e)]

RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADVERSARY ACTION

1    The Court in *Maculan v. City of Escondido* (S.D. Cal., July 8, 2014, 13CV1794 L WVG) 2014

2    WL 3341070[3], visited these same issues of voluntary dismissal, and a demand for costs. The *Maculan*

3    Court summarized the Ninth Circuit rulings discussed to grant voluntary dismissal.

4
      "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2)
5      unless a defendant can show that it will suffer some plain legal prejudice as a result."
       *Stevedoring Services of America,* 889 F.2d at 975. In the Ninth Circuit, plain legal
6      prejudice is "prejudice to some legal interest, some legal claim, some legal argument."
       *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir.1996). **Neither "the**
7      **expense incurred in defending against a lawsuit" nor the "[u]ncertainty [that] a**
       **dispute remains unresolved" amounts to "legal prejudice."** *Id.; see also Mitchell–*
8      *Jones v. Menzies Aviation, Inc.,* 2011 WL 3273221, *3 (W.D.Wash., 2011) ("**The**
9      **Ninth Circuit has plainly rejected this type of inconvenience and expense as a basis**
       **for finding plain legal prejudice in the context of a Rule 41(a)(2) motion.** *See, e.g.,*
10     *In re Lowenschuss,* **67 F.3d 1394, 1400–01 (9th Cir.1995)** ("[T]he inconvenience of
11     **defending another lawsuit or the fact that the defendant has already begun trial**
       **preparations does not constitute prejudice.").** Accordingly, defendant's request here
12     for its total costs incurred in defending this action does not support a finding of plain
13     legal prejudice.. . . A defendant against whom a claim has been dismissed without
       prejudice, has not been "freed of the risk of relitigation of the issues just as if the case
14     had been adjudicated in his favor after a trial, in which event (absent statutory
       authorization) the American Rule would preclude such an award." *Colombrito v. Kelly,*
15     764 F.2d 122, 134 (2nd Cir.1985).

16

17    The court in *Maculan* would then bar the award of attorney fees to a defendant in a dismissed

18    action that could be used by the defendant in a second action for identical claims. The *Maculan* court

19    held that such a ruling would abrogate the American Rule.

20    The Opposition claims Defendants expect Creditor to file an identical action against them

21    (Opposition p. 4, Line 26, p. 5, Line 15). Accepting Defendants' claims for the purposes of this

22    Motion, Defendants cannot be awarded any fees for work that would be used in future identical

23    litigation. Such an award would also abrogate the American Rule.

24    The Defendants' transfers occurred in 2013 and 2014, and in light of this Court's § 727

25    Judgment for Non-Discharge, any creditor may pursue identical avoidance claims post bankruptcy

26

27

28    _____
      [3] Understanding a district court's orders are not binding upon this Court, the *Maculan* court simply
      summarizes the Ninth Circuit's law on identical issues before this Court.

                                        10

1   under California law[4], subject to a statutory four (4) year statute of limitation.  The Ninth Circuit

2   undeniably bars an award of fees in anticipation of such admitted anticipated identical litigation.

3   **VII.      CONCLUSION.**

4         Based on the foregoing Ninth Circuit binding authority, the Chapter 7 Trustee's Motion to

5   Voluntarily Dismiss without Prejudice should be granted, and Defendants' Opposition denied and

6   objection overruled.

7

8

9

10   Dated:  October 19, 2015                   By:  _____

11                                                  Karl Avetoom
                                                     Creditor, In Pro Per
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] Four year statute of limitations Ca. Civil Code § 3439.09 ("CUFTA") would expire in 2018.

11

## SUPPORTING DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

    1.    I am a creditor in bankruptcy case 8:12-bk-11721-ES. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently. I make this declaration in Response to Defendants' Opposition to the Chapter 7 Trustee's Motion to Dismiss the Adversary Complaint without prejudice, and Defendants' Motion to Strike portions of said Motion under Fed.Evid.Rule 408 [Docket # 85].

    2.    Attached to my declaration as **Exhibit "1"** is a true and correct copy of the Transfer document ("Quitclaim") recorded approximately two months after the Chapter 7 Trustee filed this adversary complaint against Defendants Val Fridman, and Alex Fridman. The transfer document seeks to convey sole interest in the Defendant Val Fridman's real property to his non-defendant wife, Deborah Fridman. This property, according to documents in the Family Law case filed after, represents $300,000.00 in equity in this property.

    3.    Attached to my declaration as **Exhibit "2"** are true and correct copies of the State Court family law action filed on or around December 2, 2014 by non-defendant, Deborah Fridman, wife of Defendant Val Fridman, including a filed property settlement and default judgment obtained by Deborah Fridman with participation of Defendant Val Fridman. The filings show Defendant Val Fridman's real property having $300,000.00 in equity as of December 2, 2014 (see FL-160).

    4.    Attached to my declaration as **Exhibit "3"** is a true and correct copy of the State Court's Order DENYING Debtors' law firm's Writ of Mandate, wherein the State Court questioned "if" the Debtors had transferred the judgment, then the Debtors as petitioners would have no benefit in the Writ, mandating denial of the Writ. The State Court also denied exercising its discretion to rule on the existence of the law firm's "lien" claim, based in part upon the shifting positions of the law firm, from assignment to lien, in the State Court and this Court, resulting in conflicting Orders. The State Court ruled it did not want to run afoul of this Court's Orders and Stay. The Order denying the Writ also gives rise to the matter coming back to this Court 2 ½ years later.

    5.    The allegations in Defendants' Opposition relating to me are completely without merit. Chapter 7 Trustee's counsel has not breached any protective Order, nor discussed Settlement

1

1   information with me that has not been disclosed in pleadings. Trustee's counsel has not signaled any

2   intent to transfer litigation rights to this case, nor have I requested such a transfer.

3        6.      Upon learning of a proposed Settlement, I informed the Chapter 7 Trustee's counsel that

4   I understood the Trustee has discretion, but that I hoped any proposed Settlement would benefit the

5   estate, not merely satisfy the Trustee's incurred attorney fees, and prejudice or frustrate the benefit this

6   Court has recognized in the § 727 Judgment denying discharge in light of substantial monies that

7   remain unaccounted for. And that a Settlement would not collaterally bar a creditor post bankruptcy

8   from pursuing any claim the Chapter 7 Trustee could have filed in the bankruptcy.

9        7.      I am not actively pursuing the Defendants' in any action as they claim. Contrary to the

10  Opposition, the only retaliation ever found in any Court was the 2011 Jury findings of racial hatred and

11  retaliation that motivated the Debtors' outrageous acts. This resulted in the Jury's unanimous finding

12  by clear and convincing evidence, and judgment for $1,000,000.00 that was reduced to $650,000.00 by

13  my voluntary stipulation on or about January 4, 2012, in the *Avetoom v. Fridman* case (OCSC 30-

14  2010-00345490).

15       8.      In knowing the Debtors and their sons since 2006, they often resort to claiming to be

16  victims of racial bias being from the Ukraine/Russia and often resorting to claiming they are always

17  prejudiced by being Jewish. I have witnessed correspondence from the Debtors and Defendants using

18  these same claims existing nearly a decade *before* I ever met them.

19       9.      In or around January 2015 through March 2015 Defendant Val Fridman attended

20  several incomplete Judgment Debtor Exams of Debtor Moisey Fridman, for post petition debts.

21  During several of these partial exams, Defendant Val Fridman expressed his frustration with his former

22  counsel (Katzman) who according to Val Fridman, was mainly interested in billing. Defendant Val

23  Fridman also expressed his dislike for the Chapter 7 Trustee's counsel, Mr. Anthony Friedman, based

24  upon Defendant's belief that the similarity in their religion should carry more weight in the adversary

25  proceeding. I informed Defendant Val Fridman that I did not know Attorney Anthony Friedman at

26  that point, and that I had only known Mr. Todd Frealy who I believe is not prosecuting this adversary

27  case. During Defendant Val Fridmans' conversation regarding Attorney Anthony Friedman,

28  Defendant Val Fridman stated that if "he" [Friedman] wanted to pursue him for $60,000, then

2

1    Defendant Val Fridman would rather spend $60,000 to deny any positive recovery. I had heard this

2    before in 2014 when then Defendants' attorney Katzman inferred the Defendants would spend up to

3    $60,000 to deny a positive recovery. I included this in my 2014 Motion to disqualify attorney

4    Katzman, who I and my former state court trial counsel spoke to prior to him representing Defendants.

5    The Motion to disqualify was denied by this Court in 2014. Katzman's firm denied having record of

6    speaking to me, but did not deny speaking to my attorney in 2011. I made the decision not to pursue

7    disqualification further, as I believed that it was only a matter of time for the Defendants to have

8    problems with Katzmans' firm, which would result in a motion to withdraw by Katzman's firm. In

9    February 2015, true to my belief, Katzman's firm filed a motion to be relieved based upon

10   *irreconcilable differences that caused a breakdown in their ability to provide legal advice.* This is a

11   clear pattern involving Debtors and their family who have used approximately 18 attorneys since 2011,

12   and spend their days sending retaliatory complaints to courts and the State Bar, all rejected.

13        10.    I was also offered several thousand dollars by Defendant Val Fridman from funds "set

14   aside", and the right to sue the Debtors' former trial counsel, D. Michael Bush, for malpractice, in

15   exchange for my assistance in having the Chapter 7 Trustee drop this adversary proceeding.

16        11.    I was also informed by Defendant Val Fridman that he was "judgment proof" because

17   of a family court proceeding wherein his wife, Deborah Fridman, had taken all of his assets.

18        12.    Mr. Frealy, nor any member of his firm, has ever breached a protective Order as alleged

19   by Defendants in their Opposition and supporting declaration.

20        13.    When I have inquired how cases were proceeding, Mr. Frealy would simply tell me that

21   discovery responses were still outstanding, and that several stipulations for continuances were granted

22   in an effort to obtain discovery. Such facts were also available from the Court's website. I have

23   learned more of the terms of the Settlement discussions from the Motion and Oppositions filed by the

24   attorneys and their respective counsel.

25        14.    It is my belief that the Chapter 7 Trustee could win the adversary proceeding before the

26   Court, however the ability to collect is now prejudiced in light of Defendant Val Fridman's transfer of

27   property to his wife, non-defendant Debtorah Fridman, that forms an additional basis not to proceed in

28   litigating another case in state court.

3

15. In the event the Chapter 7 Trustee does not continue his pursuit of the fraudulent transfer claims, I may consider pursuing my own independent action based upon the same claims as the Chapter 7 Trustee, post bankruptcy. However, this is dependent on the Debtors and third parties, willingness to enter into a mutually beneficial settlement.

16. In or around January 2013 this Court issued a relief from Stay Order for the Debtors' former law firm (Darling & Risbrough) limited to a claim of a purported assignment of a judgment from the Debtors to the law firm, during the pendency of the *Avetoom v. Fridman* action. The law firm would immediately return to state court and claim a "lien" instead of an assignment. I then obtained an Order from this Court clarifying that the law firm could not pursue any form of lien in the State Court. However to the end of the Writ proceedings, the law firm pursued claims founded upon case law expressly held by the State Court in 2013 to be limited to "lien" claims.

17. On September 29, 2015 the State Court ultimately denied the Writ proceeding filed by Debtors in 2010. The State Court was seemingly unwilling to take a firm stance on the validity of an assignment, or a lien, based on the shifting positions of the law firm. The law firm also obtained a Writ of Execution in the name of the Debtors, which appears to convey back an interest in the judgment this Court was informed was transferred in 2011. The law firm's request for additional attorney fees of approximately $160,000.00 and second request for bankruptcy fees for roughly $54,000.00 for the single relief from Stay Motion in January 2013, were also denied.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct and to the best of my knowledge.

Executed October 19, 2015 in Newport Beach, CA

By: _____

Karl Avetoom
Creditor In Pro Per

4

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS [DOCKET 461]

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||| 12.00
* $ R 0 0 0 6 6 5 7 6 3 6 $ *
**2014000159573 8:00 am 04/28/14**
90 401 D10 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

**RECORDING REQUESTED BY:**
EnTitle Insurance Company

**WHEN RECORDED MAIL DOCUMENT AND TAX STATEMENT TO:**

Deborah L. Fridman
18274 Santa Stephana Circle
Fountain Valley, CA 92708

APN: 112-802-17
TITLE ORDER NO.: 2014-76339
ESCROW NO.: 76339-SF

THIS SPACE FOR RECORDER'S USE ONLY

## INTERSPOUSAL GRANT DEED
(Excluded from reappraisal under California Constitution Article 13A §1 et seq.)

The undersigned Grantor(s) declare(s) that the **DOCUMENTARY TRANSFER TAX IS: ***0***** ***This conveyance establishes the sole and separate property of a spouse, and the Grantor received nothing in return, R&T 11911.***

This is an interspousal transfer and not a change in ownership under §63 of the Revenue and Taxation Code.

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** Val M. Fridman, spouse of Grantee

**HEREBY GRANTS to** Deborah L. Fridman, a married woman as her sole and separate property

All that real property situated in the City of Fountain Valley, County of Orange, State of California, described as: EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**Commonly Known As:** 18274 Santa Stephana Circle, Fountain Valley, CA 92708

It is the express intent of the Grantor, being the spouse of the Grantee, to convey all right, title and interest of the Grantor, community or otherwise, in and to the herein described property to the grantee as his sole and separate property

Dated: April 17, 2014

STATE OF CALIFORNIA                    }
COUNTY OF _Orange_                      }
On _April 21-2014_____, before me,
_Jolyn Bailey_____,a notary public,
personally appeared _Val M. Fridman_

_Val M. Fridman_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature _Jolyn Bailey_

(SEAL)

JOLYN BAILEY
COMM. #2046861
Notary Public - California
Orange County
My Comm. Expires Nov. 22, 2017

MAIL TAX STATEMENT AS DIRECTED ABOVE

Order No.: 2014-76339

## EXHIBIT "A"
## LEGAL DESCRIPTION

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE COUNTY OF
ORANGE, STATE OF CALIFORNIA:

PARCEL 1:
LOT 44 OF TRACT NO. 6922, IN THE CITY OF FOUNTAIN VALLEY, COUNTY
OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 275,
PAGES 30 AND 31 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:
AN EASEMENT FOR INGRESS, EGRESS AND INCIDENTAL PURPOSES OVER
THE NORTHERLY 5.00 FEET OF LOT 43 OF SAID TRACT 6922, SAID
EASEMENT GRANTED HEREBY BEING SUBJECT TO AND IN ACCORDANCE
WITH PARAGRAPH 14 OF PART I OF THE HEREIN BELOW DESCRIBED
DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS.

PARCEL 3:
A NON-EXCLUSIVE EASEMENT OVER LOT A OF TRACT 6918 AS PER MAP
RECORDED IN BOOK 265, PAGES 25 AND 26 OF MISCELLANEOUS MAPS, IN
THE OFFICE OF THE COUNTY RECORDER OF ORANGE COUNTY (THE
"COMMON AREA") FOR INGRESS, EGRESS AND THE USES AND PURPOSES
SET FORTH IN THE BELOW REFERRED TO DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS.

PARCEL 4:
A NON-EXCLUSIVE EASEMENT OVER LOT A (THE "COMMON AREA") OF
TRACT 6922 AS PER MAP RECORDED IN BOOK 275, PAGES 30 AND 31 OF
MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF
ORANGE COUNTY, FOR INGRESS, EGRESS AND THE USES AND PURPOSES
SET FORTH IN THE BELOW REFERRED TO DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS.

APN: 112-802-17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS [DOCKET 461]

FL-100

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Deborah L. Fridman
18274 Santa Stephana Cir
Fountain Valley, CA 92708

TELEPHONE NO.: 7142749090   FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Self represented

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE COUNTY SUPERIOR COURT
STREET ADDRESS: FAMILY LAW COURT OPERATIONS
MAILING ADDRESS: 341 THE CITY DRIVE
CITY AND ZIP CODE: POST OFFICE BOX 14170
BRANCH NAME: ORANGE, CA 92863-1570

**FOR COURT USE ONLY**

REL RELATED CASE

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

**DEC 02 2014**

ALAN CARLSON, Clerk of the Court

BY: J. DUONG , DEPUTY

**MARRIAGE OF**
PETITIONER: Deborah L. Fridman
RESPONDENT: Val M. Fridman

**PETITION FOR**
- [ ] Dissolution of Marriage
- [x] Legal Separation
- [ ] Nullity of Marriage

- [ ] AMENDED

**CASE NUMBER:**
14D010523

1. **RESIDENCE (Dissolution only)** - [ ] Petitioner [ ] Respondent has been a resident of this state for at least six months and of this county for at least three months immediately preceding the filing of this *Petition for Dissolution of Marriage.*

2. **STATISTICAL FACTS**
   a. Date of marriage: Oct 21, 1990
   b. Date of separation: Jan 5, 2014
   c. Time from date of marriage to date of separation *(specify):*
   Years: 23   Months: 3

3. **DECLARATION REGARDING MINOR CHILDREN** *(include children of this relationship born prior to or during the marriage or adopted during the marriage):*
   a. [ ] There are no minor children.
   b. [x] The minor children are:

| Child's name | Birthdate | Age | Sex |
|---|---|---|---|
| Jacob D. Fridman | ███████ | 15 | M |
| Cara N. Fridman | ███████ | 13 | F |

   [ ] Continued on Attachment 3b.
   c. If there are minor children of the Petitioner and Respondent, a completed *Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)* (form FL-105) must be attached.
   d. [ ] A completed voluntary declaration of paternity regarding minor children born to the Petitioner and Respondent prior to the marriage is attached.

4. **SEPARATE PROPERTY**
   Petitioner requests that the assets and debts listed [x] in *Property Declaration* (form FL-160) [ ] in Attachment 4
   [ ] below be confirmed as separate property.

   Item                                             Confirm to

---

**NOTICE:** You may redact (black out) social security numbers from any written material filed with the court in this case other than a form used to collect child or spousal support.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-100 [Rev. January 1, 2005]

**PETITION—MARRIAGE**
(Family Law)

Family Code, §§ 2330, 3409;
www.courtinfo.ca.gov

| MARRIAGE OF (last name, first name of parties): Fridman, Deborah L Fridman Val M | CASE NUMBER: 14D010523 |
|---|---|

**5. DECLARATION REGARDING COMMUNITY AND QUASI-COMMUNITY ASSETS AND DEBTS AS CURRENTLY KNOWN**

- a. ☐ There are no such assets or debts subject to disposition by the court in this proceeding.
- b. ☒ All such assets and debts are listed ☒ in *Property Declaration* (form FL-160) ☐ in Attachment 5b.
  - ☐ below *(specify)*:

**6. Petitioner requests**

- a. ☐ dissolution of the marriage based on
  - (1) ☐ irreconcilable differences. (Fam. Code, § 2310(a).)
  - (2) ☐ incurable insanity. (Fam. Code, § 2310(b).)
- b. ☒ legal separation of the parties based on
  - (1) ☒ irreconcilable differences. (Fam. Code, § 2310(a).)
  - (2) ☐ incurable insanity. (Fam. Code, § 2310(b).)
- c. ☐ nullity of void marriage based on
  - (1) ☐ incestuous marriage. (Fam. Code, § 2200.)
  - (2) ☐ bigamous marriage. (Fam. Code, § 2201.)
- d. ☐ nullity of voidable marriage based on
  - (1) ☐ petitioner's age at time of marriage. (Fam. Code, § 2210(a).)
  - (2) ☐ prior existing marriage. (Fam. Code, § 2210(b).)
  - (3) ☐ unsound mind. (Fam. Code, § 2210(c).)
  - (4) ☐ fraud. (Fam. Code, § 2210(d).)
  - (5) ☐ force. (Fam. Code, § 2210(e).)
  - (6) ☐ physical incapacity. (Fam. Code, § 2210(f).)

**7. Petitioner requests that the court grant the above relief and make injunctive (including restraining) and other orders as follows:**

| | Petitioner | Respondent | Joint | Other |
|---|---|---|---|---|
| a. Legal custody of children to ................................................. | ☐ | ☐ | ☒ | ☐ |
| b. Physical custody of children to ............................................. | ☐ | ☐ | ☒ | ☒ |
| c. Child visitation be granted to ............................................... | | | | |

As requested in form: ☐ FL-311  ☐ FL-312  ☐ FL-341(C)  ☐ FL-341(D)  ☒ FL-341(E)  ☐ Attachment 7c.

- d. ☐ Determination of parentage of any children born to the Petitioner and Respondent prior to the marriage.
- e. ☐ Attorney fees and costs payable by ............................................
- f. ☐ Spousal support payable to (earnings assignment will be issued) ..................
- g. ☒ Terminate the court's jurisdiction (ability) to award spousal support to Respondent.
- h. ☐ Property rights be determined.
- i. ☐ Petitioner's former name be restored to *(specify)*:
- j. ☐ Other *(specify)*:

☐ Continued on Attachment 7].

**8. Child support**—If there are minor children born to or adopted by the Petitioner and Respondent before or during this marriage, the court will make orders for the support of the children upon request and submission of financial forms by the requesting party. An earnings assignment may be issued without further notice. Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.

**9. I HAVE READ THE RESTRAINING ORDERS ON THE BACK OF THE SUMMONS, AND I UNDERSTAND THAT THEY APPLY TO ME WHEN THIS PETITION IS FILED.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/1/2014
Dec , 2014

_____Deborah L. Fridman_____    _____Deborah L. Fridman_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PETITIONER)

Date: _____

▶

_____    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PETITIONER)

**NOTICE:** Dissolution or legal separation may automatically cancel the rights of a spouse under the other spouse's will, trust, retirement plan, power of attorney, pay on death bank account, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the right of a spouse as beneficiary of the other spouse's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports to determine whether they should be changed or whether you should take any other actions. However, some changes may require the agreement of your spouse or a court order (see Family Code sections 231–235).

FL-100 [Rev. January 1, 2005]

**PETITION—MARRIAGE**
(Family Law)

Page 2 of 2

FL-311

| PETITIONER/PLAINTIFF: Deborah L. Fridman | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: Val M. Fridman | 14D010523 |

**CHILD CUSTODY AND VISITATION APPLICATION ATTACHMENT**

TO ☒ Petition, Response, Application for Order or Responsive Declaration  ☐ Other (specify):
☐ To be ordered now and effective until the hearing

1. ☐ **Custody.** Custody of the minor children of the parties is requested as follows:

| Child's Name | Date of Birth | Legal Custody to (person who makes decisions about health, education, etc.) | Physical Custody to (person with whom the child lives) |
|---|---|---|---|

2. ☐ **Visitation.**
   a. ☐ Reasonable right of visitation to the party without physical custody (not appropriate in cases involving domestic violence)
   b. ☐ See the attached _____-page document dated (specify date):
   c. ☐ The parties will go to mediation at (specify location):
   d. ☐ No visitation
   e. ☐ Visitation for the ☐ petitioner ☐ respondent  will be as follows:
      (1) ☐ **Weekends starting** (date):
         (The first weekend of the month is the first weekend with a Saturday.)
         ☐ 1st ☐ 2nd ☐ 3rd ☐ 4th ☐ 5th  weekend of the month
         from _____ at _____ ☐ a.m. ☐ p.m.
                   (day of week)            (time)

         to _____ at _____ ☐ a.m. ☐ p.m.
                 (day of week)            (time)

         (a) ☐ The parents will alternate the fifth weekends, with the ☐ petitioner ☐ respondent having the initial fifth weekend, which starts (date):

         (b) ☐ The petitioner will have fifth weekends in ☐ odd ☐ even  months.

      (2) ☐ **Alternate weekends starting** (date):
         The ☐ petitioner ☐ respondent  will have the children with him or her during the period
         from _____ at _____ ☐ a.m. ☐ p.m.
                   (day of week)            (time)

         to _____ at _____ ☐ a.m. ☐ p.m.
                 (day of week)            (time)

      (3) ☐ **Weekdays starting** (date):
         The ☐ petitioner ☐ respondent  will have the children with him or her during the period
         from _____ at _____ ☐ a.m. ☐ p.m.
                   (day of week)            (time)

         to _____ at _____ ☐ a.m. ☐ p.m.
                 (day of week)            (time)

      (4) ☐ Other (specify days and times as well as any additional restrictions):

                                                              ☐ See Attachment 2e(4).

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
FL-311 [Rev. July 1, 2005]
**CHILD CUSTODY AND VISITATION APPLICATION ATTACHMENT**
Family Code, § 6200 et seq.
www.courtinfo.ca.gov

PETITIONER: Deborah L. Fridman

RESPONDENT: Val M. Fridman

CASE NUMBER: 14D010523

3. ☐ **Supervised visitation.**

I request that *(name):*                                          have supervised visitation with the minor children according to the schedule set out on page 1 and that the visits be supervised by *(name):*

who is a ☐ professional ☐ nonprofessional supervisor. The supervisor's phone number is *(specify):*

I request that the costs of supervision be paid as follows: petitioner:          percent; respondent:          percent.

If item 3 is checked, you must attach a declaration that shows why unsupervised visitation would be bad for your children. The judge is required to consider supervised visitation if one parent is alleging domestic violence and is protected by a restraining order.

4. ☐ **Transportation for visitation and place of exchange.**

a. ☐ Transportation to the visits will be provided by *(name):*

b. ☐ Transportation from the visits will be provided by *(name):*

c. ☐ Drop-off of the children will be at *(address):*

d. ☐ Pick-up of the children will be at *(address):*

e. ☐ The children will be driven only by a licensed and insured driver. The car or truck must have legal child restraint devices.

f. ☐ During the exchanges, the parent driving the children will wait in the car and the other parent will wait in his or her home while the children go between the car and the home.

g. ☐ Other *(specify):*

5. ☐ **Travel with children.** The ☐ petitioner ☐ respondent ☐ other *(name):*
must have written permission from the other parent or a court order to take the children out of

a. ☐ the state of California.

b. ☐ the following counties *(specify):*

c. ☐ other places *(specify):*

6. ☐ **Child abduction prevention.** There is a risk that one of the parents will take the children out of California without the other parent's permission. I request the orders set out on attached form FL-312.

7. ☐ **Children's holiday schedule.** I request the holiday and visitation schedule set out on the attached ☐ form FL-341(C)
☐ other *(specify):*

8. ☐ **Additional custody provisions.** I request the additional orders regarding custody set out on the attached
☐ form FL-341(D) ☐ other *(specify):*

9. ☒ **Joint legal custody provisions.** I request joint legal custody and want the additional orders set out on the attached
☒ form FL-341(E) ☐ other *(specify):*

10. ☐ **Other.** I request the following additional orders *(specify):*

**CHILD CUSTODY AND VISITATION APPLICATION ATTACHMENT**

FL-341(E)

| PETITIONER: Deborah L. Fridman | CASE NUMBER: |
|---|---|
| RESPONDENT: Val M. Fridman | 14D010523 |

## JOINT LEGAL CUSTODY ATTACHMENT

TO  ☒ Petition or Application for Order    ☐ Findings and Order After Hearing or Judgment
    ☐ Stipulation and Order for Custody and/or Visitation of Children

1. The parents will have joint legal custody of the minor children.

2. In exercising joint legal custody, the parents will share in the responsibility and confer in good faith on matters concerning the health, education, and welfare of the children. The parents must confer in making decisions on the following matters:
   a. ☒ Enrollment in or leaving a particular private or public school or daycare center
   b. ☒ Participation in particular religious activities or institutions
   c. ☒ Beginning or ending of psychiatric, psychological, or other mental health counseling or therapy
   d. ☒ Selection of a doctor, dentist, or other health professional (except in emergency situations)
   e. ☒ Participation in extracurricular activities
   f. ☒ Out-of-country or out-of-state travel
   g. ☐ Other (specify):

   In all other matters in exercising joint legal custody, the parents may act alone, as long as the action does not conflict with any orders concerning the physical custody of the children.

3. If a parent does not obtain the required consent of the other parent to the decisions checked in item 2:
   a. He or she may be subject to civil or criminal penalties.
   b. The court may change the legal and physical custody of the minor children.
   c. ☐ Other consequences (specify):

4. ☒ Special decision-making designation
   a. The ☒ petitioner ☒ respondent    will be responsible for making decisions regarding the following issues (specify):

   b. ☒ Each parent will have access to the children's school, medical, and dental records and the right to consult with professionals who are providing services to the children.

5. ☒ Health-care notification
   a. ☐ Each parent must notify the other of the name and address of each health practitioner who examines or treats the children; such notification must be made within (specify number):    days of the commencement of the first such treatment or examination.
   b. ☒ Each parent is authorized to take any and all actions necessary to protect the health and welfare of the children, including but not limited to consent to emergency surgical procedures or treatment. The parent authorizing such emergency treatment must notify the other parent as soon as possible of the emergency situation and of all procedures or treatment administered to the children.
   c. ☐ Both parents are required to administer any prescribed medications for the children.

6. ☐ School notification. Each parent will be designated as a person the children's school will contact in the event of an emergency.

7. ☒ Name. Neither parent will change the last name of the children or have a different name used on the children's medical, school, or other records without the written consent of the other parent.

8. ☐ Other (specify):

Form Approved for Optional Use
Judicial Council of California
FL-341(E) [Rev. January 1, 2005]

**JOINT LEGAL CUSTODY ATTACHMENT**

Family Code, § 3003, 3083
www.courtinfo.ca.gov

SUPERIOR COURT-COUNTY OF ORANGE
Lamoreaux Justice Center (LJC)
Returned Check Subject to $45 Fee

08140052585      FRIDMAN
14D010523        @1884717
DF  435.00


12/02/2014 TOTAL:    435.00
08:46      PAID:    435.00 CR /
JD  36A08            .00


DF  MARRIAGE DISSOLUTION; F    435.00
JD  36A08 12/02/2014 08:46 PAID CR /

FL-160

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Deborah L. Fridman
18274 Santa Stephana Cir
Fountain Valley, CA 92708
TELEPHONE NO.: 714 274 9090          FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name): self represented

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE COUNTY SUPERIOR COURT
STREET ADDRESS:          FAMILY LAW COURT OPERATIONS
MAILING ADDRESS:          341 THE CITY DRIVE
CITY AND ZIP CODE:          POST OFFICE BOX 14170
BRANCH NAME:          ORANGE, CA 92863-1570

PETITIONER: Deborah L. Fridman
RESPONDENT: Val M. Fridman
OTHER PARENT/PARTY: none

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

DEC 02 2014

ALAN CARLSON, Clerk of the Court
BY: J. DUONG , DEPUTY

☑ PETITIONER'S   ☑ RESPONDENT'S
☑ COMMUNITY AND QUASI-COMMUNITY PROPERTY DECLARATION
☐ SEPARATE PROPERTY DECLARATION

CASE NUMBER:
14D010523

See *Instructions* on page 4 for information about completing this form. For additional space, use *Continuation of Property Declaration* (form FL-161).

| A | B | C | D | E | F | |
|---|---|---|---|---|---|---|
| ITEM NO.   BRIEF DESCRIPTION | DATE ACQUIRED | GROSS FAIR MARKET VALUE | AMOUNT OF DEBT | NET FAIR MARKET VALUE | PROPOSAL FOR DIVISION Award or Confirm to: PETITIONER | RESPONDENT |
| 1. REAL ESTATE 18274 Santa Stephana FV, CA 92708 | 11/2002 | $650,000 | $350,000 | $300,000 | $650,000 | $ |
| 2. HOUSEHOLD FURNITURE, FURNISHINGS, APPLIANCES Already divided | | | | | | |
| 3. JEWELRY, ANTIQUES, ART, COIN COLLECTIONS, etc. none | | | | | | |
| 4. VEHICLES, BOATS, TRAILERS 1. 2006 LEXUS ES 330 | 2006 | 7,400 | 0 | 7,400 | 7,400 | |
| 2. 2003 Honda Pilot | 2009 | 4,500 | 0 | 4,500 | | 4,500 |
| 5. SAVINGS ACCOUNTS Already divided | | | | | | |
| 6. CHECKING ACCOUNTS Already divided | | | | | | |

Page 1 of 4

Form Approved for Mandatory Use
Judicial Council of California
FL-160 [Rev. July 1, 2013]

**PROPERTY DECLARATION**
(Family Law)

Family Code, §§ 115, 2104, 2500-2660
www.courts.ca.gov

Deborah L. Fridman

FL-160

| A | B | C - D = E | | | F | |
|---|---|---|---|---|---|---|
| ITEM NO.    BRIEF DESCRIPTION | DATE ACQUIRED | GROSS FAIR MARKET VALUE | AMOUNT OF DEBT | NET FAIR MARKET VALUE | PROPOSAL FOR DIVISION Award or Confirm to: PETITIONER | RESPONDENT |
| 7. CREDIT UNION, OTHER DEPOSITORY ACCOUNTS<br><br>Already divided | | $ | $ | $ | $ | $ |
| 8. CASH<br>none | | | | | | |
| 9. TAX REFUND<br>none | | | | | | |
| 10. LIFE INSURANCE WITH CASH SURRENDER OR LOAN VALUE<br>none | | | | | | |
| 11. STOCKS, BONDS, SECURED NOTES, MUTUAL FUNDS<br>none | | | | | | |
| 12. RETIREMENT AND PENSIONS<br><br>Already divided | | | | | | |
| 13. PROFIT-SHARING, IRAS, DEFERRED COMPENSATION, ANNUITIES<br>none | | | | | | |
| 14. ACCOUNTS RECEIVABLE, UNSECURED NOTES<br>none | | | | | | |
| 15. PARTNERSHIP, OTHER BUSINESS INTERESTS<br>none | | | | | | |
| 16. OTHER ASSETS<br>none | | | | | | |
| 17. ASSETS FROM CONTINUATION SHEET    none | | | | | | |
| 18. TOTAL ASSETS | | | | | | |

**PROPERTY DECLARATION**
(Family Law)

FL-160

| | A | B | C | D | |
|---|---|---|---|---|---|
| ITEM NO. | DEBTS— SHOW TO WHOM OWED | DATE INCURRED | TOTAL OWING | PROPOSAL FOR DIVISION Award or Confirm to: PETITIONER | RESPONDENT |
| 19. | STUDENT LOANS none | | $ | $ | $ |
| 20. | TAXES none | | | | |
| 21. | SUPPORT ARREARAGES none | | | | |
| 22. | LOANS—UNSECURED none | | | | |
| 23. | CREDIT CARDS USAA American Express Discover chase | | 20,000 10,000 0 0 | 20,000 | 10,000 |
| 24. | OTHER DEBTS none | | | | |
| 25. | OTHER DEBTS FROM CONTINUATION SHEET none | | | | |
| 26. | TOTAL DEBTS | | 380,000 | | |

☐ A *Continuation of Property Declaration* (form FL-161) is attached and incorporated by reference.

I declare under penalty of perjury under the laws of the State of California that, to the best of my knowledge, the foregoing is a true and correct listing of assets and obligations and the amounts shown are correct.

Date: Dec), 2014  12/1/2014

Deborah L. Fridman
(TYPE OR PRINT NAME)

Deborah L. Fridman
SIGNATURE

**PROPERTY DECLARATION**
(Family Law)

FL-160

# INFORMATION AND INSTRUCTIONS FOR COMPLETING FORM FL-160

*Property Declaration* (form FL-160) is a multipurpose form, which may be filed with the court as an attachment to a *Petition* or *Response* or served on the other party to comply with disclosure requirements in place of a *Schedule of Assets and Debts* (form FL-142). Courts may also require a party to file a *Property Declaration* as an attachment to a *Request to Enter Default* (form FL-165) or *Judgment* (form FL-180).

**When filing a *Property Declaration* with the court, do not include private financial documents listed below.**

## Identify the type of declaration completed
1. Check "Community and Quasi-Community Property Declaration" on page 1 to use *Property Declaration* (form FL-160) to provide a combined list of community and quasi-community property assets and debts. Quasi-community property is property you own outside of California that would be community property if it were located in California.

2. Do not combine a separate property declaration with a community and quasi-community property declaration. Check "Separate Property Declaration" on page 1 when using *Property Declaration* to provide a list of separate property assets and debts.

## Description of the Property Declaration chart
*Pages 1 and 2*
1. Column A is used to provide a brief description of each item of separate or community or quasi-community property.
2. Column B is used to list the date the item was acquired.
3. Column C is used to list the item's gross fair market value (an estimate of the amount of money you could get if you sold the item to another person through an advertisement).
4. Column D is used to list the amount owed on the item.
5. Column E is used to indicate the net fair market value of each item. The net fair market value is calculated by subtracting the dollar amount in column D from the amount in column C ("C minus D").
6. Column F is used to show a proposal on how to divide (or confirm) the item described in column A.
*Page 3*
1. Column A is used to provide a brief description of each separate or community or quasi-community property debt.
2. Column B is used to list the date the debt was acquired.
3. Column C is used to list the total amount of money owed on the debt.
4. Column D is used to show a proposal on how to divide (or confirm) the item of debt described in column A.

## When using this form only as an attachment to a *Petition* or *Response*
1. Attach a *Separate Property Declaration* to respond to item 4. Only columns A and F on pages 1 and 2, and columns A D on page 3 are required.
2. Attach a *Community or Quasi-Community Declaration* to respond to item 5, and complete column A on all pages.

## When serving this form on the other party as an attachment to *Declaration of Disclosure* (form FL-140)
1. Complete columns A through E on pages 1 and 2, and columns A through C on page 3.
2. Copies of the following documents must be attached and served on the other party:
   (a) *For real estate* (item 1): deeds with legal descriptions and the latest lender's statement.
   (b) *For vehicles, boats, trailers* (item 4): the title documents.
   (c) *For all bank accounts* (item 5, 6, 7): the latest statement.
   (d) *For life insurance policies with cash surrender or loan value* (item 10): the latest declaration page.
   (e) *For stocks, bonds, secured notes, mutual funds* (item 11): the certificate or latest statement.
   (f) *For retirement and pensions* (item 12): the latest summary plan document and latest benefit statement.
   (g) *For profit-sharing, IRAs, deferred compensation, and annuities* (item 13): the latest statement.
   (h) *For each account receivable and unsecured note* (item 14): documentation of the account receivable or note.
   (i) *For partnerships and other business interests* (item 15): the most current K-1 and Schedule C.
   (j) *For other assets* (item 16): the most current statement, title document, or declaration.
   (k) *For support arrearages* (item 21): orders and statements.
   (l) *For credit cards and other debts* (items 23 and 24): the latest statement.
3. Do not file copies of the above private financial documents with the court.

## When filing this form with the court as an attachment to *Request to Enter Default* (FL-165) or *Judgment* (FL-180)
Complete all columns on the form.

**For more information** about forms required to process and obtain a judgment in dissolution, legal separation, and nullity cases, see http://www.courts.ca.gov/selfhelp-divorcesteps.htm.

---

**PROPERTY DECLARATION**
(Family Law)

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

FL-165

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Deborah L. Fridman
18274 Santa Stephana Cir
Fountain Valley, CA 92708

TELEPHONE NO.: 714 274 9090    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Self represented

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

APR 0 3 2015

ALAN CARLSON, Clerk of the Court

BY: C. COOMBES, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 341 The City Drive South
MAILING ADDRESS: Post Office Box 14170
CITY AND ZIP CODE: Orange, California 92868-1570
BRANCH NAME: Lamoreaux Justice Center

PETITIONER: Deborah Fridman

RESPONDENT: Val M. Fridman

| REQUEST TO ENTER DEFAULT | CASE NUMBER: 14D010523 |
|---|---|

1. **To the clerk:** Please enter the default of the respondent who has failed to respond to the petition.

2. A completed *Income and Expense Declaration* (form FL-150) or *Financial Statement (Simplified)* (form FL-155)
   ☐ is attached.    ☒ is not attached.

   A completed *Property Declaration* (form FL-160)   ☒ is attached   ☐ is not attached
   because *(check at least one of the following):*
   (a) ☒ there have been no changes since the previous filing.
   (b) ☐ the issues subject to disposition by the court in this proceeding are the subject of a written agreement.
   (c) ☐ there are no issues of child, spousal, or partner support or attorney fees and costs subject to determination by the court.
   (d) ☐ the petition does not request money, property, costs, or attorney fees. (Fam. Code, §2330.5.)
   (e) ☐ there are no issues of division of community property.
   (f) ☐ this is an action to establish parental relationship.

Date: 4-3-15

Deborah L. Fridman
(TYPE OR PRINT NAME)

► Deborah L Fridman
(SIGNATURE OF [ATTORNEY FOR] PETITIONER)

3. **Declaration**
   a. ☐ No mailing is required because service was by publication or posting and the address of the respondent remains unknown.
   b. ☒ A copy of this *Request to Enter Default*, including any attachments and an envelope with sufficient postage, was
      provided to the court clerk, with the envelope addressed as follows *(address of the respondent's attorney or, if none,*
      *the respondent's last known address):* Val M. Fridman
      18274 Santa Stephana Cir
      Fountain Valley, CA 92708

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4-3-15

Deborah L. Fridman
(TYPE OR PRINT NAME)

► Deborah L Fridman
(SIGNATURE OF DECLARANT)

| FOR COURT USE ONLY |
|---|
| ☒ *Request to Enter Default* mailed to the respondent or the respondent's attorney on *(date)* APR 0 3 2015 |
| ☒ Default entered as requested on *(date):* APR 0 3 2015 |
| ☐ Default not entered. Reason: |

ALAN CARLSON
Clerk, by _____, Deputy
CHRISTOPHER COOMBES

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-165 [Rev. January 1, 2005]

Martin Dean's
ESSENTIAL FORMS™

**REQUEST TO ENTER DEFAULT**
(Family Law-Uniform Parentage)

Code of Civil Procedure, §§ 585, 587;
Family Code, § 2335.5
www.courtinfo.ca.gov

| CASE NAME (Last name, first name of each party): | CASE NUMBER: |
|---|---|
| Fridman Deborah, Fridman Val | 14D010523 |

4.  **Memorandum of costs**

    a.  ☒ Costs and disbursements are waived.

    b.  Costs and disbursements are listed as follows:

        (1) ☐ Clerk's fees ..................................................................... $ _____

        (2) ☐ Process server's fees ...................................................... $ _____

        (3) ☐ Other (specify): ............................................................. $ _____

        ............................................................................................. $ _____

        ............................................................................................. $ _____

        ............................................................................................. $ _____

        TOTAL ........................................................................ $ _____

    c.  I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief, the foregoing items of cost are correct and have been necessarily incurred in this cause or proceeding.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4-3-15

Deborah L. Fridman
       (TYPE OR PRINT NAME)

▶ Deborah L. Fridman
       (SIGNATURE OF DECLARANT)

5.  **Declaration of nonmilitary status.** The respondent is not in the military service of the United States as defined in section 511 et seq. of the Servicemembers Civil Relief Act (50 U.S.C. Appen. § 501 et seq.), and is not entitled to the benefits of such act.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4-3-15

Deborah L. Fridman
       (TYPE OR PRINT NAME)

▶ Deborah L. Fridman
       (SIGNATURE OF DECLARANT)

**REQUEST TO ENTER DEFAULT**
**(Family Law—Uniform Parentage)**

Martin Dean's
ESSENTIAL FORMS™

FL-160

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Deborah L. Fridman
18274 Santa Stephana Cir
Fountain Valley, CA 92708
TELEPHONE NO.: 714 5749090        FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name): self represented

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:  ORANGE COUNTY SUPERIOR COURT
MAILING ADDRESS:  FAMILY LAW COURT OPERATIONS
CITY AND ZIP CODE:  341 THE CITY DRIVE
                    POST OFFICE BOX 14170
BRANCH NAME:        ORANGE, CA 92863-1570

PETITIONER: Deborah L. Fridman
RESPONDENT: Val M. Fridman
OTHER PARENT/PARTY: none

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

DEC 0 2 2014

ALAN CARLSON, Clerk of the Court

BY:      J. DUONG      , DEPUTY

☒ PETITIONER'S   ☐ RESPONDENT'S
☒ COMMUNITY AND QUASI-COMMUNITY PROPERTY DECLARATION
☐ SEPARATE PROPERTY DECLARATION

CASE NUMBER:
14D010523

See *Instructions* on page 4 for information about completing this form. For additional space, use *Continuation of Property Declaration* (form FL-161).

| ITEM NO. | A BRIEF DESCRIPTION | B DATE ACQUIRED | C GROSS FAIR MARKET VALUE | D AMOUNT OF DEBT | E NET FAIR MARKET VALUE | F PROPOSAL FOR DIVISION Award or Confirm to: PETITIONER | RESPONDENT |
|---|---|---|---|---|---|---|---|
| 1. | REAL ESTATE 18274 Santa Stephana FV, CA 92708 | 11/2002 | $650,000 | $350,000 | $300,000 | $650,000 | $ |
| 2. | HOUSEHOLD FURNITURE, FURNISHINGS, APPLIANCES Already divided | | | | | | |
| 3. | JEWELRY, ANTIQUES, ART, COIN COLLECTIONS, etc. none | | | | | | |
| 4. | VEHICLES, BOATS, TRAILERS 1. 2006 Lexus ES 330 | 2006 | 7,400 | 0 | 7,400 | 7,400 | |
| | 2. 2003 Honda Pilot | 2009 | 4,500 | 0 | 4,500 | | 4,500 |
| 5. | SAVINGS ACCOUNTS Already divided | | | | | | |
| 6. | CHECKING ACCOUNTS Already divided | | | | | | |

Page 1 of 4

**PROPERTY DECLARATION**
(Family Law)

Family Code, §§ 115, 2104, 2500-2660
www.courts.ca.gov

FL-160

| A | B | C - | D = | E | F | |
|---|---|---|---|---|---|---|
| ITEM NO. BRIEF DESCRIPTION | DATE ACQUIRED | GROSS FAIR MARKET VALUE | AMOUNT OF DEBT | NET FAIR MARKET VALUE | PROPOSAL FOR DIVISION Award or Confirm to: PETITIONER | RESPONDENT |
| 7. CREDIT UNION, OTHER DEPOSITORY ACCOUNTS<br>Already divided | | $ | $ | $ | $ | $ |
| 8. CASH<br>none | | | | | | |
| 9. TAX REFUND<br>none | | | | | | |
| 10. LIFE INSURANCE WITH CASH SURRENDER OR LOAN VALUE<br>none | | | | | | |
| 11. STOCKS, BONDS, SECURED NOTES, MUTUAL FUNDS<br>none | | | | | | |
| 12. RETIREMENT AND PENSIONS<br>Already divided | | | | | | |
| 13. PROFIT-SHARING, IRAS, DEFERRED COMPENSATION, ANNUITIES<br>none | | | | | | |
| 14. ACCOUNTS RECEIVABLE, UNSECURED NOTES<br>none | | | | | | |
| 15. PARTNERSHIP, OTHER BUSINESS INTERESTS<br>none | | | | | | |
| 16. OTHER ASSETS<br>none | | | | | | |
| 17. ASSETS FROM CONTINUATION SHEET none | | | | | | |
| 18. TOTAL ASSETS | | | | | | |

FL-160

| | A | B | C | D | |
|---|---|---|---|---|---|
| | | | | PROPOSAL FOR DIVISION Award or Confirm to: | |
| ITEM NO. | DEBTS— SHOW TO WHOM OWED | DATE INCURRED | TOTAL OWING | PETITIONER | RESPONDENT |
| 19. STUDENT LOANS | | | $ | $ | $ |
| | none | | | | |
| 20. TAXES | | | | | |
| | none | | | | |
| 21. SUPPORT ARREARAGES | | | | | |
| | none | | | | |
| 22. LOANS—UNSECURED | | | | | |
| | none | | | | |
| 23. CREDIT CARDS | USAA American Express Discover Chase | | 20,000 10,000 0 0 | 20,000 | 10,000 |
| 24. OTHER DEBTS | none | | | | |
| 25. OTHER DEBTS FROM CONTINUATION SHEET | none | | | | |
| 26. TOTAL DEBTS | | | 380,000 | | |

☐ A *Continuation of Property Declaration* (form FL-161) is attached and incorporated by reference.

I declare under penalty of perjury under the laws of the State of California that, to the best of my knowledge, the foregoing is a true and correct listing of assets and obligations and the amounts shown are correct.

Date: Dec), 2014  12/1/2014

Deborah L. Fridman
(TYPE OR PRINT NAME)

▶ Deborah L. Fridman
SIGNATURE

**PROPERTY DECLARATION**
(Family Law)

FL-160

## INFORMATION AND INSTRUCTIONS FOR COMPLETING FORM FL-160

*Property Declaration* (form FL-160) is a multipurpose form, which may be filed with the court as an attachment to a *Petition* or *Response* or served on the other party to comply with disclosure requirements in place of a *Schedule of Assets and Debts* (form FL-142). Courts may also require a party to file a *Property Declaration* as an attachment to a *Request to Enter Default* (form FL-165) or *Judgment* (form FL-180).

**When filing a *Property Declaration* with the court, do not include private financial documents listed below.**

### Identify the type of declaration completed

1. Check "Community and Quasi-Community Property Declaration" on page 1 to use *Property Declaration* (form FL-160) to provide a combined list of community and quasi-community property assets and debts. Quasi-community property is property you own outside of California that would be community property if it were located in California.

2. Do not combine a separate property declaration with a community and quasi-community property declaration. Check "Separate Property Declaration" on page 1 when using *Property Declaration* to provide a list of separate property assets and debts.

### Description of the Property Declaration chart

*Pages 1 and 2*
1. Column A is used to provide a brief description of each item of separate or community or quasi-community property.
2. Column B is used to list the date the item was acquired.
3. Column C is used to list the item's gross fair market value (an estimate of the amount of money you could get if you sold the item to another person through an advertisement).
4. Column D is used to list the amount owed on the item.
5. Column E is used to indicate the net fair market value of each item. The net fair market value is calculated by subtracting the dollar amount in column D from the amount in column C ("C minus D").
6. Column F is used to show a proposal on how to divide (or confirm) the item described in column A.

*Page 3*
1. Column A is used to provide a brief description of each separate or community or quasi-community property debt.
2. Column B is used to list the date the debt was acquired.
3. Column C is used to list the total amount of money owed on the debt.
4. Column D is used to show a proposal on how to divide (or confirm) the item of debt described in column A.

### When using this form only as an attachment to a *Petition or Response*

1. Attach a *Separate Property Declaration* to respond to item 4. Only columns A and F on pages 1 and 2, and columns A D on page 3 are required.
2. Attach a *Community or Quasi-Community Declaration* to respond to item 5, and complete column A on all pages.

### When serving this form on the other party as an attachment to *Declaration of Disclosure (form FL-140)*

1. Complete columns A through E on pages 1 and 2, and columns A through C on page 3.
2. Copies of the following documents must be attached and served on the other party:
    (a) *For real estate* (item 1): deeds with legal descriptions and the latest lender's statement.
    (b) *For vehicles, boats, trailers* (item 4): the title documents.
    (c) *For all bank accounts* (item 5, 6, 7): the latest statement.
    (d) *For life insurance policies with cash surrender or loan value* (item 10): the latest declaration page.
    (e) *For stocks, bonds, secured notes, mutual funds* (item 11): the certificate or latest statement.
    (f) *For retirement and pensions* (item 12): the latest summary plan document and latest benefit statement.
    (g) *For profit-sharing, IRAs, deferred compensation, and annuities* (item 13): the latest statement.
    (h) *For each account receivable and unsecured note* (item 14): documentation of the account receivable or note.
    (i) *For partnerships and other business interests* (item 15): the most current K-1 and Schedule C.
    (j) *For other assets* (item 16): the most current statement, title document, or declaration.
    (k) *For support arrearages* (item 21): orders and statements.
    (l) *For credit cards and other debts* (items 23 and 24): the latest statement.
3. Do not file copies of the above private financial documents with the court.

### When filing this form with the court as a attachment to *Request to Enter Default* (FL-165) or *Judgment* (FL-180)

Complete all columns on the form.

For more information about forms required to process and obtain a judgment in dissolution, legal separation, and nullity cases, see *http://www.courts.ca.gov/selfhelp-divorcesteps.htm*.

| | | |
|---|---|---|
| FL-160 [Rev. July 1, 2013] | **PROPERTY DECLARATION**<br>**(Family Law)** | Page 4 of 4 |

For your protection and privacy, please press the Clear

FL-170

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Deborah L. Fridman<br>18374 Santa Stefana Cir<br>Fountain Valley CA 92708<br>TELEPHONE NO.: 714 274 9040   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Self represented | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUST_____ ER<br><br>MAY 0 8 2015<br><br>ALAN CARLSON, Clerk of the Court<br>mfololu ma<br>BY: ___ M. BALDI ___ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 THE CITY DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE: ORANGE, CA 92868
BRANCH NAME: LAMOREAUX JUSTICE CENTER

PETITIONER: Deborah Fridman

RESPONDENT: Val Fridman

| DECLARATION FOR DEFAULT OR UNCONTESTED<br>☐ DISSOLUTION   ☒ LEGAL SEPARATION | CASE NUMBER:<br>14D010523 |
|---|---|

**(NOTE: Items 1 through 12 apply to both dissolution and legal separation proceedings.)**

1. I declare that if I appeared in court and were sworn, I would testify to the truth of the facts in this declaration.

2. I agree that my case will be proven by this declaration and that I will not appear before the court unless I am ordered by the court to do so.

3. All the information in the ☐ amended ☒ Petition ☐ Response is true and correct.

4. Type of case *(check a, b, or c)*:
   a. ☐ **Default without agreement**
      (1) No response has been filed and there is no written agreement or stipulated judgment between the parties;
      (2) The default of the respondent was entered or is being requested, and I am not seeking any relief not requested in the petition; and
      (3) The following statement is true *(check one)*:
         (A) ☐ There are no assets or debts to be disposed of by the court.
         (B) ☐ The community and quasi-community assets and debts are listed on the **completed** current *Property Declaration* (form FL-160), which includes an estimate of the value of the assets and debts that I propose to be distributed to each party. The division in the proposed *Judgment* (form FL-180) is a fair and equal division of the property and debts, or if there is a negative estate, the debts are assigned fairly and equitably.

   b. ☒ **Default with agreement**
      (1) No response has been filed and the parties have agreed that the matter may proceed as a default matter without notice; and
      (2) The parties have entered into a written agreement regarding their property and their marriage or domestic partnership rights, including support, the original of which is being or has been submitted to the court. I request that the court approve the agreement.

   c. ☐ **Uncontested**
      (1) Both parties have appeared in the case; and
      (2) The parties have entered into a written agreement regarding their property and their marriage or domestic partnership rights, including support, the original of which is being or has been submitted to the court. I request that the court approve the agreement.

5. **Declaration of disclosure** *(check a, b, or c)*:
   a. ☐ Both the petitioner and respondent have filed, or are filing concurrently, a *Declaration Regarding Service of Declaration of Disclosure* (form FL-141) and an *Income and Expense Declaration* (form FL-150).
   b. ☐ This matter is proceeding by default. I am the petitioner in this action and have filed a proof of service of the preliminary *Declaration of Disclosure* (form FL-140) with the court. I hereby waive receipt of the final *Declaration of Disclosure* (form FL-140) from the respondent.
   c. ☒ This matter is proceeding as an uncontested action. Service of the final *Declaration of Disclosure* (form FL-140) is mutually waived by both parties. A waiver provision executed by both parties under penalty of perjury is contained on the *Stipulation and Waiver of Final Declaration of Disclosure* (form FL-144), in the settlement agreement or proposed judgment or another, separate stipulation.

FL-170

| PETITIONER: Deborah Fridman | CASE NUMBER: |
| RESPONDENT: Val Fridman | 14D010523 |

6. ☒ **Child custody and visitation (parenting time) should be ordered as set forth in the proposed** *Judgment* (form FL-180).
   a. ☐ The information in *Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act* (UCCJEA) (form FL-105)
      ☐ has  ☒ has not  changed since it was last filed with the court. *(If changed, attach updated form.)*
   b. ☐ There is an existing court order for custody/parenting time in another case in *(county)*:
      The case number is *(specify)*:
   c. ☐ The current custody and visitation (parenting time) previously ordered in this case, or current schedule is *(specify)*:
      ☐ Contained on Attachment 6c.

   d. ☐ Facts in support of requested judgment *(In a default case, state your reasons below)*:
      ☐ Contained on Attachment 6d.

7. ☐ **Child support should be ordered as set forth in the proposed** *Judgment* (form FL-180).
   a. If there are minor children, check and complete item (1) if applicable and item (2) or (3):
      (1) ☐ Child support is being enforced in another case in *(county)*:
         The case number is *(specify)*:
      (2) ☐ The information in the child support calculation attached to the proposed judgment is correct based on my personal knowledge.
      (3) ☐ I request that this order be based on the ☐ petitioner's ☐ respondent's earning ability. The facts in support of my estimate of earning ability are *(specify)*:
         ☐ Continued on Attachment 7a(3).

   b. Complete items (1) and (2) regarding public assistance.
      (1) I ☐ am receiving ☒ am not receiving ☐ intend to apply for public assistance for the child or children listed in the proposed order.
      (2) To the best of my knowledge, the other party ☐ is ☒ is not receiving public assistance.
   c. ☐ The petitioner ☐ respondent is presently receiving public assistance, and all support should be made payable to the local child support agency at the address set forth in the proposed judgment. A representative of the local child support agency has signed the proposed judgment.

8. **Spousal, Partner, and Family Support** *(If a support order or attorney fees are requested, submit a completed Income and Expense Declaration (form FL-150) unless a current form is on file. Include your best estimate of the other party's income.)* Check at least one of the following.)
   a. ☒ I knowingly give up forever any right to receive spousal or partner support.
   b. ☐ I ask the court to reserve jurisdiction to award spousal or partner support in the future to *(name)*:
   c. ☐ I ask the court to terminate forever spousal or partner support for: ☐ petitioner ☐ respondent.
   d. ☐ Spousal support or domestic partner support should be ordered as set forth in the proposed *Judgment* (form FL-180) based on the factors described in:
      ☐ *Spousal or Partner Support Declaration Attachment* (form FL-157)
      ☐ written agreement
      ☐ attached declaration *(Attachment 8d.)*
   e. ☐ Family support should be ordered as set forth in the proposed *Judgment* (form FL-180).
   f. ☐ Other *(specify)*:

FL-170 [Rev. July 1, 2012] 

**DECLARATION FOR DEFAULT OR UNCONTESTED
DISSOLUTION OR LEGAL SEPARATION
(Family Law)**

Page 2 of 3

FL-170

| PETITIONER: Deborah Fridman | CASE NUMBER: |
|---|---|
| RESPONDENT: Val Fridman | 14D010523 |

9. ☐ **Parentage** of the children of the petitioner and respondent born prior to their marriage or domestic partnership should be ordered as set forth in the proposed *Judgment* (form FL-180).

    a. ☐ A Voluntary Declaration of Paternity is attached.

    b. ☐ Parentage was previously established by the court in *(county)*:

        The case number is *(specify)*:

    ☐ Written agreement of the parties attached here or to the *Judgment* (form FL-180).

10. ☐ **Attorney fees** should be ordered as set forth in the proposed *Judgment* (form FL-180)

    ☐ facts in support in form FL-319

    ☐ other *(specify facts below)*:

11. ☐ The judgment should be entered nunc pro tunc for the following reasons *(specify)*:

12. ☐ The petitioner ☐ respondent requests restoration of his or her former name as set forth in the proposed *Judgment* (form FL-180).

13. There are irreconcilable differences that have led to the irremediable breakdown of the marriage or domestic partnership, and there is no possibility of saving the marriage or domestic partnership through counseling or other means.

14. This declaration may be reviewed by a commissioner sitting as a temporary judge, who may determine whether to grant this request or require my appearance under Family Code section 2336.

---

### STATEMENTS IN THIS BOX APPLY ONLY TO DISSOLUTIONS

15. If this is a dissolution of marriage or of a domestic partnership created in another state, the petitioner and/or the respondent have been residents of this county for at least three months and of the state of California for at least six months continuously and immediately preceding the date of the petition for dissolution of marriage or domestic partnership.

16. I ask that the court grant the request for a judgment for dissolution of marriage or domestic partnership based on irreconcilable differences and that the court make the orders set forth in the proposed *Judgment* (form FL-180) submitted with this declaration.

17. ☐ This declaration is for the termination of **marital or domestic partner status only.** I ask the court to reserve jurisdiction over all issues whose determination is not requested in this declaration.

---

### THIS STATEMENT APPLIES ONLY TO LEGAL SEPARATIONS

18. I ask that the court grant the request for a judgment for legal separation based on irreconcilable differences and that the court make the orders set forth in the proposed *Judgment* (form FL-180) submitted with this declaration.

    I understand that a judgment of legal separation does not terminate a marriage or domestic partnership and that I am still married or a partner in a domestic partnership.

---

19. ☐ Other *(specify)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4-3-15

Deborah L. Fridman
(TYPE OR PRINT NAME)

▶ Deborah L. Fridman
(SIGNATURE OF DECLARANT)

FL-170 [Rev. July 1, 2012]

**DECLARATION FOR DEFAULT OR UNCONTESTED DISSOLUTION OR LEGAL SEPARATION**
(Family Law)

Page 2 of 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS [DOCKET 461]

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 2 9 2015

ALAN CARLSON, Clerk of the Court

BY N. TURNER-MITANI

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

MOISEY FRIDMAN and ROSA FRIDMAN,  ) Case No.: 30-2010-00424435
)
    Petitioners,  ) ORDER DENYING PETITION FOR WRIT OF
) MANDATE
    v.  )
)
BEACH CREST VILLAS HOMEOWNERS  )
)
ASSOCIATION, a California corporation,  )
)
    Respondent.  )

On November 12, 2010, Petitioners Rosa and Moisey Fridman filed a Petition for Writ of Mandate. Respondent Beach Crest Villas Homeowners Association filed a Return. Having considered the memoranda and supporting documents and for the reasons stated below, the Petition is denied.

### PROCEDURAL HISTORY AND RELEVANT FACTS[1]

In 1999, Petitioners installed an air conditioning unit in their Beach Crest Villas condominium. In 2006, the Beach Crest Villas Homeowners Association's board voted to compel Petitioners to remove the air conditioning unit because it had been installed without board approval. Petitioners refused, contending they had properly applied for and received permission to install the unit. Respondent began fining Petitioners on a weekly basis, who refused to pay the fines.

---

[1] The relevant facts and procedural history are largely taken from minute orders in the instant matter and from the Court of Appeal's unpublished opinions (case nos. G042757 and G044704) for the appeal of the underlying case and an earlier appeal of the order of dismissal after the Court sustained the demurrer without leave to amend in this matter.

1

1    On September 5, 2007, Petitioners filed a complaint in Orange County Superior Court

2  case number 07CC09589 against Respondent for negligence, breach of fiduciary duty,

3  intentional infliction of emotional distress, violation of fair housing laws, and breach of contract –

4  the Declaration of Restrictions for Beach Crest Villas Condominiums (the Declaration).

5  Respondent filed a cross-complaint against Petitioners for breach of the Declaration, breach of

6  Respondent's rules and regulations, private nuisance, defamation, conversion, and declaratory

7  relief.

8    In September 2008, the parties stipulated to binding arbitration, pursuant to Code of Civil

9  Procedure section 1281 et seq., of Petitioners' fifth cause of action for breach of contract and

10  the entirety of Respondent's cross-complaint.  The arbitration hearing was conducted in March

11  2009, and the arbitrator issued an award in May 2009.  The arbitrator found Respondent had

12  breached its fiduciary duties to Petitioners, and awarded $100 in emotional distress damages.

13  He also found Respondent failed to prove any of its causes of action against Petitioners.  The

14  arbitrator determined Petitioners to be the prevailing party, and awarded them $110,000 in

15  attorney fees.

16    By letter, Respondent requested the arbitrator amend the award.  In response, the

17  arbitrator issued a corrected award, in which he found Respondent had breached the

18  Declaration, but Petitioners had suffered no monetary damages as a result of that breach.  The

19  corrected award therefore eliminated the reference to emotional distress damages.  The

20  arbitrator again found Respondent had failed to prove any of its causes of action, and

21  Petitioners were the prevailing party and entitled to recover $110,000 in attorney fees.

22    On July 9, 2009, Petitioners filed a petition to confirm the arbitration award.  Respondent

23  filed a petition to correct or vacate the arbitrator's award.  The trial court heard both petitions

24  together, confirmed the arbitration award, and entered judgment in favor of Petitioners in the

25  amount of $128,821.98.

26

2

1    Respondent appealed.  On August 4, 2010, the Court of Appeal filed an unpublished

2  opinion (case no. G042757).  The Court of Appeal dismissed the appeal, finding that in the

3  stipulation to arbitration, Respondent had waived its right to appeal the judgment following

4  confirmation of the arbitration award.  After issuance of the remittitur, the trial court in the

5  underlying action (case no. 07CC09589) awarded Petitioners their costs and attorney fees

6  incurred on appeal, in the amount of $20,729.

7    On November 12, 2010, Petitioners filed a Petition for Writ of Mandate, which is the

8  subject of the instant action.  They requested that the Court issue a writ of mandate ordering the

9  Beach Crest's Board of Directors to hold a special assessment to pay the judgment.  On

10  December 10, 2010, verifications by the Petitioners to the Petition were filed.  Respondent

11  demurred to the Petition.  This Court sustained the demurrer without leave to amend.

12  Petitioners appealed.  On September 6, 2011, the Court of Appeal filed an unpublished opinion

13  (case no. G044704) reversing this Court's order.  The Court of Appeal held that Civil Code

14  section 1366 authorizes a homeowners association to levy a special assessment to satisfy a

15  legal judgment against it.  The Court of Appeal reasoned that this Court erred by determining as

16  a matter of law, that Petitioners had failed to make the required allegations.[2]

17    Meanwhile, Karl Avetoom, a resident of Beach Crest Villas, obtained a judgment against

18  Petitioners in *Avetoom v. Arce, et al.*, Orange County Superior Court case number 30-2010-

19  00345490.  The Court takes judicial notice of the judgment filed in that case on November 18,

20  2011.  Petitioners appealed (case no. G046440).  That appeal was stayed based on the

21  bankruptcy filing of Petitioners.  Respondent alleged that Avetoom partially assigned his

22  judgment to Respondent, and that Respondent is entitled to offset the judgments resulting in a

23  net judgment in favor of Respondent.  (Return, at p. 5.)

24

25  ────────────────

26  [2] On March 15, 2012, the Court ruled on Respondent's motion to tax costs on appeal.  On June 19, 2012, the Court granted Petitioners' motion for attorney fees on appeal awarding $44,190 in reasonable attorney fees.

3

On December 30, 2011, Respondent filed a Return to the Writ of Mandate by Verified Answer.  On March 12, 2012, Respondent filed a notice of stay based on a February 10, 2012 bankruptcy filing by Petitioners.   On March 19, 2012, the Court issued a briefing schedule and set a hearing on the Petition.  On May 3, 2012, Petitioners filed a Supplemental Memorandum of Points and Authorities, a document entitled "Separate Statement," a request for judicial notice of Exhibits A through P of the Appendix of Exhibits that was previously filed in this action on November 12, 2010, and an Amended Appendix of Exhibits.  On June 29, 2012, Respondent filed a document entitled "Memorandum of Points and Authorities in Support of Return to Writ of Mandate; Request for Statement of Decision pursuant to CCP § 632" which included a declaration of William Gabriel and a request for judicial notice of all documents submitted in Petitioners' request for judicial notice and two documents filed in the Petitioners' bankruptcy action.  On July 9, 2012, proceedings were stayed pending resolution of Petitioners' bankruptcy proceeding.  On September 12, 2012, Petitioners filed a document entitled "Reply to Return".

On February 14, 2013, Petitioners advised the Court that the bankruptcy court had issued a ruling that this matter was not subject to the bankruptcy stay.  A hearing on the Petition that had been set for March 1, 2013 was continued to April 5, 2013 due to the Court's docket condition.  On April 16, 2013, the Court stayed proceedings on the Petition pending the resolution of the appeal in *Avetoom v. Fridman* (case no. G046440), which was also stayed by Petitioner's bankruptcy action. Despite the Court's order staying proceedings on the Petition, the parties filed four motions and four ex parte applications between April 16, 2013 and June 8, 2015. On September 12, 2014, the Court stayed the hearing on Petitioners' motion to establish lien priority because the motion would violate the bankruptcy stay.

On June 8, 2015, the Court of Appeal was notified that the bankruptcy court approved the sale of Petitioners' appellate rights to Avetoom, who then filed a request for dismissal of the Petitioners' appeal.  The Court of Appeal dismissed Petitioners' appeal.  This Court then lifted

4

1    the stay in the instant action and set the matter for a case management conference on July 13,

2    2015.  On that date, the parties indicated that the matter did not require an evidentiary hearing,

3    additional briefing had been submitted, and that courtesy copies of exhibits in support or in

4    opposition of the Petition would be delivered to the Court.  Petitioners provided a courtesy copy

5    of the Amended Appendix of Exhibits in support of the Petition for Writ of Mandate, which was

6    filed with the Court on May 3, 2012.  Respondent provided a courtesy copy of a document

7    entitled, "Respondent's Appendix in support of Opposition to Petitioner's Writ of Mandate."  This

8    document, however, had never been filed or served on Petitioners.  Accordingly, this Court did

9    not consider Respondent's Appendix, as it was not properly before the Court.

10          At a subsequent case management conference held on August 28, 2015, the parties

11   indicated that they had not provided all of the briefing that the April 16, 2013 minute order had

12   delineated.  The parties, however, agreed that this Court could resolve the Petition without the

13   briefing delineated in the April 16, 2013 minute order.  The Court then took the matter under

14   submission.

15   **The Petition**

16          In the Petition, Petitioners alleged the following.  They have a judgment totaling

17   $165,676.59 against Respondent.  To date, Respondent has refused to pay the judgment and

18   has failed to assess the owners (excluding Petitioners) to pay the judgment.  They have no

19   other adequate remedy at law or equity other than a writ compelling the board of directors of

20   Respondent to specially assess their members.  They seek a peremptory writ of mandate in the

21   first instance directing the board of Respondent to levy a special assessment against the

22   homeowners of Beach Crest Villas (excluding Petitioners).  (Petn. at pp. 2-4.)  Alternatively, they

23   ask the Court to issue an alternative writ directing the board of directors of Respondent to

24   specially assess the homeowners (excluding Petitioners) within 30 days of the Petition or, in the

25   alternative to show cause why the court should not issue such order and then thereafter issue a

26

5

1    peremptory writ directing the directors of Respondent to specially assess its members

2    (excluding Petitioners) for the full value of the judgment obtained by Petitioners against

3    Respondent. (Petn. at p. 5.)

4    **The Return**

5         In its Return, Respondent admitted all of the allegations of the Petition with the exception

6    of (1) the allegation in paragraph 4 that it waived "all rights' to appeal, denying that it waived its

7    right to appeal the court's decision on a petition to confirm the award; and (2) the allegations in

8    paragraph 15 that Petitioners have no adequate remedy to enforce their judgment.  Respondent

9    raised 11 affirmative defenses: (1) failure to state a claim; (2) adequate remedy in the ordinary

10   course of law; (3) failure to comply with condition precedent; (4) Corporations Code section

11   7350 prohibits the remedy sought by Petitioners; (5) pursuant to CC&R's Article VII, Section

12   Four, Petitioner's remedy cannot exceed five percent of the budgeted gross expenses of

13   Respondent; (6) the doctrine of unclean hands; (7) prevailing equities; (8) attorney fees; (9)

14   "Request for CCP §1094 Hearing"; (10) equitable offset; and (11) fraudulent assignment.

15                                       **ANALYSIS**

16   **I. Requirements for Issuance of a Writ of Mandate**

17        A writ of mandate may be issued "to compel the performance of an act which the law

18   specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission

19   of a party to the use and enjoyment of a right or office to which the party is entitled, and from

20   which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person."

21   (Code Civ. Proc., § 1085.)  "The writ must be issued in all cases where there is not a plain,

22   speedy, and adequate remedy, in the ordinary course of the law."  (Code Civ. Proc., § 1086.)  A

23   writ will issue only "upon the verified petition of the party beneficially interested."  (Code Civ.

24   Proc., § 1086.)

25

26

1      Civil Code section 1366 requires a homeowners association to levy assessments

2 necessary for the association to perform its legal obligations, as follows: "(a) Except as provided

3 in this section, the association shall levy regular and special assessments sufficient to perform

4 its obligations under the governing documents and this title . . . . [¶] (1) An extraordinary

5 expense required by an order of a court."  (Civ. Code, § 1366, subds. (a) & (b).)

6 **II.  If Petitioners Have Assigned the Judgment in Case Number 07CC09589, They Do Not**

7 **Have a Clear, Present, and Beneficial Right to Respondent Levying A Special**

8 **Assessment**

9      The petitioner must have a "clear, present and beneficial right" to the performance of the

10 duty allegedly owed by the respondent.  (*Ellena v. Dept. of Insurance* (2014) 230 Cal.App.4th

11 198, 205.)  To establish a beneficial interest, the petitioner must show he or she has some

12 special interest to be served or some particular right to be preserved or protected through

13 issuance of the writ.  (*Carsten v. Psychology Examining Committee* (1980) 27 Cal.3d 793, 796.)

14 The writ must be denied if the petitioner will gain no direct benefit from its issuance and suffer

15 no direct detriment if it is denied.  (*Ibid.*)  "The petitioner's interest in the outcome of the

16 proceedings must be substantial, i.e., a writ will not issue to enforce a technical abstract or moot

17 right."  (*Braude v. City of Los Angeles* (1990) 226 Cal.App.3d 83, 87.)  If circumstances change

18 during the pendency of a mandate proceeding such that the petitioner no longer has a beneficial

19 interest in the outcome, the superior court will deny writ relief.  (*County of San Luis Obispo v.*

20 *Superior Court* (2001) 90 Cal.App.4th 288, 293-295 [petitioner suffered foreclosure before the

21 court ruled on challenge to adverse administrative decision and consequently lost beneficial

22 interest to obtain writ].)

23      Here, Petitioners asserted in an objection to the notice of stay filed in the instant matter

24 on March 13, 2012, that the automatic bankruptcy stay pursuant to 11 U.S.C. section 362 did

25 not apply because they had assigned the judgment in case number 07CC09589 to their

26

7

1  attorneys Darling & Risbrough, LLP, prior to the bankruptcy filing.[3]  This assertion was repeated

2  by Petitioners in other filings, including a brief filed on April 2, 2012, and a supplemental

3  memorandum of points and authorities filed on May 3, 2012.  If indeed Petitioners have

4  assigned the underlying judgment to their attorneys, they have lost their clear and substantial

5  beneficial interest to obtain the writ.  (See *County of San Luis Obispo v. Superior Court, supra,*

6  90 Cal.App.4th at p. 292.)  Accordingly, they are not entitled to writ relief.

7  **III.  The Court Declines to Exercise Its Discretion in Enforcing Either the Alleged Attorney**

8  **Lien or the Alleged Offset**

9         Respondent alleged in the Return that Karl Avetoom assigned part of his judgment

10  against Petitioners, and that Respondent was entitled to equitable offset.  (Return, at p. 5.)  An

11  "equitable offset is a means by which a debtor may satisfy in whole or in part a judgment or

12  claim held against him out of a judgment or claim which he has subsequently acquired against

13  his judgment creditor.  The right exists independently of statute and rests upon the inherent

14

15  ---
    [3] The automatic bankruptcy stay pursuant to 11 U.S.C. section 362 "sweeps broadly, enjoining
16  the commencement or continuation of any judicial, administrative, or other proceedings against
    the debtor, enforcement of prior judgments, perfection of liens, and 'any act to collect, assess or
17  recover a claim against the debtor that arose before the commencement of the case.' 11 U.S.C.
    § 362(a)(6)." (*In re Gruntz* (9th Cir. 2000) 202 F.3d 1074, 1081-1082.) "Any state court
18  modification of the automatic stay would constitute an unauthorized infringement upon the
    bankruptcy court's jurisdiction to enforce the stay." (*Id.* at p. 1082.) "In order for assets to come
19  within the auspices of [the bankruptcy court pursuant to 11 U.S.C. § 363] they must be property
    of the [debtor's] estate." (*In re Stein & Day, Inc.* (Bankr. S.D.N.Y. 1990) 113 B.R. 157, 162.)
20  The estate created by the filing of a bankruptcy petition consists of "all legal or equitable
    interests of the debtor in property as of the commencement of the case." (*Ibid.* [citing 11 U.S.C.
21  § 541, subd. (a)(1)].) "Generally, bankruptcy courts lack jurisdiction to adjudicate controversies
    between third parties [that] do not involve the debtor or property of the debtor, unless the court
22  cannot perform its administrative duties without resolving the controversy. [Citations.]" (*Id.* at p.
    161.)
23         It appears that Petitioners changed their positions in both Bankruptcy Court and in this
    Court as to whether they had assigned their judgment to their attorneys or their attorneys had
24  attorney liens on the judgment.  Statements by a bankruptcy debtor's counsel as to the assets in
    the bankruptcy estate are not binding on the bankruptcy court. (See *id.* at p. 162.)  These
25  different positions appear to have caused varying orders from the Bankruptcy Court as to
    whether the automatic stay applied as to this matter. (See e.g., Bankruptcy Court's 1/17/2013
26  Relief from Stay Order, 8/8/2014 Order Clarifying the January 17, Order, and January 8, 2015
    Order [case no. 8:12-bk-11721-ES].)

power of the court to do justice to the parties before it." (*Salaman v. Bolt* (1977) 74 Cal.App.3d 907, 918.) "[I]t is well settled that a court of equity will compel a set-off when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered." (*Harrison v. Adams* (1942) 20 Cal.2d 646, 648, internal citation omitted.) "And a judgment debtor who has, by assignment or otherwise, become the owner of a judgment or claim against his judgment creditor, may go into the court in which the judgment against him was rendered and have his judgment offset against the first judgment." (*Id.* at pp. 648-649.)

"Offset is expressed as a right of the judgment debtor." (*Margott v. Gem Properties, Inc.* (1973) 34 Cal.App.3d 849, 854.) "Although it is commonly stated that the trial court has discretion in enforcing the right of offset, the discretion must be exercised within legal limits. Thus, unless the judgment creditor establishes the existence of facts supporting some equitable principle precluding it, offset is a matter of right . . . ., at least where the judgment creditor is insolvent." (*Id.* at p. 854, internal citation omitted.) The "offset of judgment against judgment is a matter of right absent the existence of facts establishing competing equities or an equitable defense precluding the offset." (*Brienza v. Tepper* (1995) 35 Cal.App.4th 1839, 1847-1848.)

In response to Respondent's offset argument, Petitioners argue that their attorneys have an attorney lien on Petitioners' underlying judgment. "A lien in favor of an attorney upon the proceeds of a prospective judgment in favor of his client for legal services rendered has been recognized in numerous cases." (*Cetenko v. United California Bank* (1982) 30 Cal.3d 528, 531.) Such a lien can be created by express contract. (*Ibid.*) "An attorney's contractual or 'charging' lien is equitable in nature." (*Brienza v. Tepper, supra,* 35 Cal.App.4th at p. 1847.) An attorney's contingent fee contractual lien is given priority over a party's right to equitable offset only if the equities in the particular case require such result. (*Id.* at pp. 1844-1845.)

1    Here, numerous factors weigh against this Court exercising its discretion in enforcing

2    either the attorney charging lien or the offset. First, because of the shifting position by

3    Petitioners as to whether they had assigned their judgment or that their attorneys have a

4    charging lien, Petitioners have not established that their attorneys have a proper charging lien.

5    (See *Fletcher v. Davis* (2004) 33 Cal.4th 61, 71.) Second, while it does not appear that

6    Petitioners truly dispute the partial assignment of Avetoom's judgment against Petitioners,

7    Respondent has not established an actual partial assignment of Avetoom's judgment against

8    Petitioners. Third, even assuming that a charging lien and offset have been established, it has

9    not been established which equitable claim should be accorded priority after considering the

10   competing equities. Fourth, this matter has the additional wrinkle of Petitioners' bankruptcy,

11   which was filed during the pendency of this writ proceeding. The offset or the charging lien may

12   run afoul of the bankruptcy's automatic stay. The Bankruptcy Court's orders fail to clarify

13   whether the Petitioners' counsel or Respondent have relief from the bankruptcy stay to pursue

14   enforcing a lien or offset in this Court. And finally, the parties are reminded that this proceeding

15   is based upon a petition for writ of mandate to compel Respondent to levy a special

16   assessment, not to enforce the underlying judgment. This Court's decision not to exercise its

17   discretion in enforcing the attorney charging lien or the offset does not foreclose Respondent or

18   Petitioners' attorneys from seeking such equitable claims in other more appropriate contexts,

19   such as the Bankruptcy Court or in any enforcement of judgment action.

20   **IV. Petitioners' Motion for Attorney Fees is Denied**

21        Petitioners filed a motion entitled "Motion of Judgment Creditors for Reasonable and

22   Necessary Attorneys' Fees of $160,346.46 as Costs in Enforcing Judgment." On April 16, 2013,

23   this Court denied in part the motion (specifically, the fees generated by bankruptcy counsel) and

24   determined that the balance of the claim for attorney fees incurred by Darling & Risbrough on

25

26

10

1    the writ and for enforcement of the judgment was premature. Because the Court denies the

2    Petition for Writ of Mandate, the balance of Petitioners' motion for attorney fees is denied.

3                              **CONCLUSION**

4          Accordingly, the Petition for Writ of Mandate is hereby DENIED. Respondent is ordered

5    to file and serve a proposed judgment no later than October 13, 2015. The Clerk is ordered to

6    give notice of this Order.

7          IT IS SO ORDERED.

8

9    Dated: 9/29/2015                     _Deborah C. Servino_

10                                        Deborah C. Servino
                                        Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Rutland Road # 9 Newport Beach, CA 92660 Attention Karl Avetoom

A true and correct copy of the foregoing document entitled: *CREDITOR KARL AVETOOM'S RESPONSE TO DEFENDANTS VAL FRIDMAN and ALEX FRIDMAN'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS; MOTION TO STRIKE PORTIONS OF THE PLAINTIFF'S MOTION THAT ARE IN VIOLATION OF FED. R. EVID. RULE 408 AND REQUEST FOR HEARING (LR 9013- 1(o))[DOCKET No: 85]; SUPPORTING DECLARATION OF KARL AVETOOM* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/08/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Karl T Anderson (TR) edansie@hotmail.com, kanderson@ecf.epiqsystems.com
- Anthony A Friedman aaf@lnbyb.com
- Brad A Mokri amirmokri1@yahoo.com, gmokrilaw@yahoo.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:
On 10/~~8~~19/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* 10/~~5~~19/2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593
(personal delivery)

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/~~1~~19/2015 | Dominic Gargano | *(signature)* |
| Date  10-19-15 | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**